In re CROWE ROPE INDUSTRIES, LLC, Debtor.

John C. Turner, Chapter 7 Trustee, Plaintiff,

v.

J.P. Bolduc and JPB Enterprises, Inc., Defendants.

Bankruptcy No. 00–11891.

Adversary No. 03–1105.

United States Bankruptcy Court, D. Maine.

June 29, 2004.

George J. Marcus, Esq., Marcus, Clegg & Mistretta, PA, Portland, ME, for Debtor.

Jonathan R. Doolittle, Esq., Verrill & Dana, Kevan Lee Rinehart, Perkins Olson, P.A., Richard P. Olson, Esq., Perkins Olson, PA, Portland, ME, for plaintiff.

Michael J. Gartland, Esq., Marcus, Clegg & Mistretta, P.A., Portland, ME, for defendants.

### MEMORANDUM OF DECISION

LOUIS H. KORNREICH, Bankruptcy Judge.

Presently before the Court is the motion of defendants J.P. Bolduc ("Bolduc") and JPB Enterprises, Inc. ("JPBE")(collectively "Defendants") to dismiss Counts I and II of the Chapter 7 Trustee's Third Amended Complaint as barred by the statute of limitations found in § 546(a).[1] The only unresolved issue is whether the action

---

1. The Defendants also moved to dismiss a portion of Count III, but that issue was resolved by agreement of the parties at hearing on the Defendants' motion. Unless otherwise noted, all statutory references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

was commenced within one year of "the appointment or election of the first trustee under section 702 . . . ." § 546(a)(1)(B).

*Standard for Dismissal*

A court weighing a motion to dismiss "must accept as true the factual allegations of the complaint, construe all reasonable inferences therefrom in favor of the plaintiffs, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory of the case." *Beddall v. State Street Bank and Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998). The parties agree that my consideration of docket entries in the main case and in this adversary proceeding, including the stipulation of facts, will not convert the motion to dismiss into a motion for summary judgment. *See Boateng v. InterAmerican Univ., Inc.*, 210 F.3d 56, 60 (1st Cir.2000); *Fudge v. Penthouse Int., Ltd.*, 840 F.2d 1012, 1015 (1st Cir.1988).

*Undisputed facts*

The Debtor filed a voluntary petition under Chapter 11 on November 6, 2000. No trustee was appointed under Chapter 11. The case was converted to Chapter 7 by court order dated April 2, 2002. The United States Trustee appointed an interim trustee pursuant to § 701 by certificate of appointment dated April 3, 2002 and filed on May 3, 2002. The § 341 meeting of creditors was held on May 20, 2002. No trustee was elected at that meeting and, consequently, the interim trustee became the Trustee under § 702(d) on that date. This adversary proceeding was commenced precisely one year after the § 341 meeting on May 20, 2003.

*Discussion*

█ If the date of the appointment of the first trustee under § 702 is the date of appointment of the interim trustee as pressed by the Defendants, this action would not have been commenced within the one year period prescribed in § 546(a)(1)(B). On the other hand, if the starting date of the crucial period is the date of the § 341 meeting as urged by the Trustee, the action will survive. The question turns upon the meaning of the words "appointment or election under section 702" found in § 546(a)(1)(B).

The pertinent language in § 702 is found in paragraph (d) which provides: "If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." The Defendants correctly point out that the word "appointment" does not appear in § 702(d). From this omission they divine that the reference to § 702 in § 546(a)(1)(B) is limited to the election of a trustee. To give meaning to the word "appointment" in § 546(a)(1)(B) the Defendants read that provision as if it contained a reference to the appointment of an interim trustee under § 701. Since the interim trustee in this instance was appointed more than one year before the commencement of the adversary proceeding, they insist that the case should be dismissed.

There is ample authority for the Defendants' position. *See e.g. Avalanche Maritime, Ltd. v. Parekh (In re Parmetex, Inc.)*, 199 F.3d 1029 (9th Cir.1999); *Burtch v. Georgia–Pacific Corp. (In re Allied Digital Technologies Corp.)*, 300 B.R. 616, 619 (Bankr.D.Del.2003).

The contrary view adopted by the Trustee in this case is that the word "appointment" has meaning in § 546(a)(1)(B) with respect to Chapter 7 without inventing a reference to § 701. Under this approach, the appointment of the first trustee under § 702 within the context of § 546(a)(1)(B) occurs by operation of law when no trustee has been elected at the § 341 meeting. This understanding of the interplay between § 546 and § 702 would set the date of the § 341 meeting as the beginning of

the one year limitation period. *See In re Art & Co., Inc.,* 179 B.R. 757, 761 (Bankr. D.Mass.1995)("In a Chapter 7 case, the appointment of the interim trustee takes place automatically at the first § 341 meeting of creditors in the absence of an election by creditors."); 5 *Collier on Bankruptcy,* ¶ 546.02[2][a](15th Ed.2003)("Since trustee elections under section 702 are rare, the date of the section 341 meeting usually will be the date of appointment of the trustee for purposes of section 546(a)(1)(B)."). Adopting that approach in this instance would allow the Trustee's action to continue.

 The plain meaning of legislation is normally conclusive. *See U.S. v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). As it relates to this case, the one year statute of limitations contained in § 546(a)(1)(B) commences upon "the appointment or election of the first trustee under section 702...." There is no need to look to § 701 for an appointment under § 546, because § 702 has its own appointment provision. Paragraph (d) of § 702 provides: "If a trustee is not elected under this section, *then the interim trustee shall serve as the trustee in the case.*" (Emphasis added).

The appointment of the interim trustee as trustee under § 702(d) occurs by operation of law and becomes effective when there has been no election at the § 341 meeting. That the interim trustee who becomes the trustee under § 702 had previously been appointed interim trustee under § 701 is of no consequence under § 546(a)(1)(B). The § 701 appointment merely qualifies the interim trustee for subsequent appointment under § 702(d) to be "the first trustee under section 702" within the meaning of § 546(a)(1)(B).

If the effective date of the appointment of the first trustee under § 702 is understood to mean the appointment date of the interim trustee under § 701, then the interim trustee would be the first trustee under § 546(a)(1)(B) in every case, including those rare cases in which a chapter 7 trustee is actually elected.

The full powers given to an interim trustee under § 701(c)("An interim trustee serving under this section is a trustee in a case under this title.") do not conflict with the subsequent appointment of the interim trustee as the first trustee under § 546. Surely the interim trustee is a "trustee," but such status does not alter the specific reference to "first trustee under section 702" in § 546.

This action was commenced exactly one year after the Trustee became the first trustee under § 702. Therefore, this action is timely, and the Defendants' motion is denied. A separate order will issue.