**In re MEYER'S BAKERIES, INC.**

**Richard L. Cox, Trustee, Plaintiff,**

v.

**Pan–Glo Services, LLC, Defendant.**

**Bankruptcy No. 4:05–bk–70837M.**
**Adversary No. 4:07–ap–07205.**

United States Bankruptcy Court,
W.D. Arkansas,
Texarkana Division.

Sept. 27, 2007.

Richard L. Cox, Hot Springs, AR, pro se.

Thomas S. Streetman, Streetman & Meeks, PLLC, Crossett, AR, for Plaintiff.

---

**3.** The Court will consider Debtor's attorney's request for fees incurred in either of these possible future events.

Stan D. Smith, Mitchell Law Firm, Little Rock, AR, for Defendant.

### ORDER

JAMES G. MIXON, Bankruptcy Judge.

On March 23, 2007, the Trustee filed this adversary proceeding to recover a preferential transfer against the Defendant, Pan–Glo Services, LLC. The Defendant filed a timely answer and a motion for summary judgment on the grounds that the statute of limitations expired prior to the date that the adversary proceeding was filed.

The Trustee filed a timely response to the motion and both parties have filed briefs in support of their respective positions. A hearing was conducted on the motion for summary judgment in Texarkana, Arkansas, on September 5, 2007, and the matter was taken under advisement.

The matter before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F), and the Court has jurisdiction to enter a final Order in this case.

### I.

The Defendant correctly states the law applicable to summary judgment in the Defendant's motion for summary judgment.

Under Rule 56(c) of the Federal Rules of Civil Procedure as made applicable to this action by Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is proper and should be tendered forthwith, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322[, 106 S.Ct.

2548, 91 L.Ed.2d 265] (1986). The inquiry that the Court must make is whether the evidence presents a sufficient disagreement to require trial or whether one party must prevail as a matter of law. *Anderson v. Liberty Labley[Lobby], Inc.,* 477 U.S. 242, 251–252[, 106 S.Ct. 2505, 91 L.Ed.2d 202] (1986). The party moving for summary judgment bears the burden of showing that there is an absence of evidence to support of [sic] non-movant's case. *Celotx[Celotex],* 477 U.S. at 325–27[, 106 S.Ct. 2548].

Neither party has submitted any documents of any kind in support of or in opposition to the motion for summary judgment. By implication based on the arguments presented, the Court will assume the parties intended the Court to consider as evidence the dockets in the main case and in this adversary proceeding since this issue concerns the timing of certain events that have occurred in the case.

### II.

### FACTS

The Court's docket in the main case reflects that the voluntary petition for relief was filed on February 5, 2005, under the provisions of Chapter 11 of the United States Bankruptcy Code. No trustee had been appointed during the Chapter 11 case pursuant to 11 U.S.C. § 1104. On March 23, 2006, an Order was entered converting this case to a proceeding under the provisions of Chapter 7 and on the same date the United States Trustee appointed Richard L. Cox interim Trustee pursuant to 11 U.S.C. § 701. The section 341(a) meeting of creditors in the converted Chapter 7 case was conducted on July 11, 2006. On March 23, 2007, the Trustee filed this adversary proceeding to recover a preferential transfer.

## III.

## ARGUMENT

The Defendant argues that the Trustee in this case was never appointed or elected. In fact, no trustee was ever appointed pursuant to 11 U.S.C. § 702; therefore, the avoidance action was commenced after the two-year statute of limitations ran.

The Trustee argues that the avoidance action was timely filed because 11 U.S.C. § 702(d) appoints a trustee by operation of law and, therefore, the trustee had an extra year after his appointment to file this avoidance action.

## IV.

## DISCUSSION

11 U.S.C. § 546 establishes the statute of limitations for the commencement of actions to recover preferential transfers under 11 U.S.C. § 547. The relevant provision provides as follows:

(a) An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(i) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702 ... of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (A).

Therefore, the date the petition is filed starts the running of the period of limitations for commencing avoidance actions under 11 U.S.C. § 547 pursuant to 11 U.S.C. § 546(a). 5 Collier on Bankruptcy ¶ 546.02[2][a] at 546–14 (Alan N. Resnick & Henry J. Sommer *et al.* eds., 15th ed. rev.2006).

11 U.S.C. § 702 provides for the appointment or election of the trustee at the section 341 meeting of creditors.[1] 11 U.S.C. § 702(d) provides that "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case." The date of the section 341(a) meeting is commonly recognized as the date that the interim trustee becomes the trustee pursuant to 11 U.S.C. § 702(d). See *In re American Pad & Paper Co.*, 478 F.3d 546, 550 (3rd Cir.2007) (stating that the date of the section 341 meeting usually will be the date of the appointment of the trustee for purposes of section 546(a)(1)(B).); *Grella v. Zimmerman (In re Art & Co., Inc.)*, 179 B.R. 757, 762 (Bankr.D.Mass.1995) (stating that the interim trustee becomes the permanent trustee by operation of law at the 341(a) meeting.); *Varalli v. PTL Intermodal (In re Metro Shippers, Inc.)*, 95 B.R. 366, 369 (Bankr.E.D.Pa.1989) (recognizing a distinction between an interim trustee and a trustee acting pursuant to 11 U.S.C. § 702); 5 Collier on Bankruptcy ¶ 546.02[2][a][i] at 546–15 (Alan N. Resnick & Henry J. Sommer *et al.* eds., 15th ed. rev. 2006)("In Chapter 7 cases, the trustee is 'appointed' when the permanent trustee, as opposed to the interim trustee, is appointed. The interim trustee, who is appointed promptly after entry of the order for relief under section 701, automatically becomes the permanent trustee at the meeting of creditors pursuant to sec-

---

1. Although not shown by the record it is worth noting that trustees are seldom elected pursuant to 11 U.S.C. § 702. See *In re American Pad & Paper Co.*, 478 F.3d 546, 550 (3d Cir.2007); 5 Collier on Bankruptcy ¶ 546.02[2][a][i] at 546–15 (Alan N. Resnick & Henry J. Sommer *et al.* eds., 15th ed. rev. 2006). This Court is unaware of any election of a Trustee pursuant to 11 U.S.C. § 702 by creditors in the Eastern and Western Districts of Arkansas since the Code was originally adopted in 1979.

tion 341 if creditors do not elect a trustee under section 702. Since trustee elections under section 702 are rare, the date of the section 341 meeting usually will be the date of appointment of the trustee for purposes of section 546(a)(1)(B).")

The Defendant's argument relies on some less than precise language of the two relevant statutory provisions. He argues that the Trustee was never actually appointed or elected in this case because 11 U.S.C. § 702(d) simply states that "the interim trustee shall serve as the trustee." 11 U.S.C. § 546(a)(1)(B) uses the language "one year after the *appointment* or *election* of the first trustee under section 702" (emphasis added). The reference to "election" applies to trustees chosen by creditors while the word "appointment" must necessarily refer to the interim trustee. The Defendant's argument assumes that the interim trustee must be appointed a second time by the United States trustee, a requirement not found in the statute. Rather the statute itself appoints the interim trustee as the section 702 trustee in the absence of an election of some other person by the creditors.

The docket does not reflect that a trustee was elected by the creditors as authorized by 11 U.S.C. § 702(c). The Trustee in this case became the first trustee appointed pursuant to 11 U.S.C. § 702(d) by operation of law on July 11, 2006, because no other trustee was elected by creditors on July 11, 2006, as permitted by 11 U.S.C. § 702(b). July 11, 2006, is within two years of the date the petition was filed.

## V.

### CONCLUSION

The Trustee became the Trustee pursuant to 11 U.S.C. 702(d) within the two-year period after the order for relief; therefore, he is entitled to the one additional year

provided by 11 U.S.C. § 546(b). The avoidance action was filed within one year from the date of the section 341(a) meeting. The Defendant's motion for summary judgment is denied. Trial on the merits will be set by subsequent notice.

IT IS SO ORDERED.