In the

# United States Court of Appeals

## For the Seventh Circuit

Nos. 12-3888, 12-3902, 12-3903, 12-3904

IN RE:

NACHSHON DRAIMAN,

*Debtor.*

RICHARD M. FOGEL, Trustee,

*Plaintiff-Respondent,*

*v.*

RONALD SHABAT, *et al.*,

*Defendants-Petitioners.*

Petitions for Leave to Appeal from
the United States Bankruptcy Court for the
Northern District of Illinois, Eastern Division.
Nos. 12 A 799 through 12 A 802—**Timothy A. Barnes**, *Judge.*

SUBMITTED JANUARY 29, 2013—DECIDED APRIL 8, 2013

Before POSNER, RIPPLE, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* Four defendants in adversary actions brought by a trustee in bankruptcy ask us for leave to appeal to this court directly from the bank-

ruptcy court. We may grant leave if the bankruptcy court has certified, so far as pertains to this case, that the ruling sought to be appealed from "involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court." 28 U.S.C. §§ 158(d)(2)(A)(i), (B)(i). The bankruptcy court has so certified; the question presented is important; and so we grant leave to appeal. The petitions and responses ventilate the question of law adequately, and so we can proceed to decision without requiring oral argument or further briefing.

The question presented by the appeals is whether the bankruptcy court erred in ruling that the appointment of an interim trustee can extend the statute of limitations for avoidance actions in bankruptcy (a subset of adversary actions, generally seeking to undo transactions that have reduced the value of the debtor's estate; see provisions cited in 11 U.S.C. § 546(a)); the defendants argue that it cannot, and so urge us to reverse.

Nachshon Draiman filed for Chapter 11 bankruptcy on May 14, 2009, but converted his case to a Chapter 7 bankruptcy on May 13, 2011—one day short of two years after his initial filing. That same day Richard Fogel was appointed interim Chapter 7 trustee. 11 U.S.C. § 701(a). Draiman's creditors met to elect a permanent trustee on June 30, 2011, but the creditors failed to elect one and by operation of law Fogel became the permanent trustee on that date, § 702(d)—more than two years after the initial bankruptcy filing.

The statute of limitations governing avoidance proceedings is two years from filing bankruptcy,

§ 546(a)(1)(A), and in this case the two years ended on May 14, 2011. But the period is extended to one year from the "appointment or election of the first trustee under section 702…if such appointment or such election occurs before the expiration of the period." § 546(a)(1)(B). The effect, when that condition is satisfied, is to extend the statute of limitations from two years to between two and three years. For example, if the trustee were appointed or elected a year and 364 days after the debtor filed for bankruptcy, which is to say one day before the expiration of the two-year statute of limitations, the limitations period would be three years minus one day—the period from the filing of bankruptcy to his appointment as trustee, plus one year. But if the trustee were appointed or elected more than two years after the bankruptcy filing, there would be no extension; the limitations period would remain two years from the date of the bankruptcy filing.

The defendants argue that the date of Fogel's appointment was June 30, 2011, the date he became the permanent trustee in accordance with section 702; and that date was as we said more than two years after the initial filing in bankruptcy. Fogel argues that he was appointed on May 13, 2011, the date on which he became interim trustee under section 701, and thus within two years after the bankruptcy filing (by one day).

Section 546(a)(1), the provision of the Bankruptcy Code that extends the statute of limitations for avoidance actions when the trustee is appointed or elected, makes no mention of section 701; nor does any

other provision of the Code extend the statute of limitations when the trustee is merely an interim trustee. The bankruptcy court held, however, that section 546(a)(1) is ambiguous and that the ambiguity is best resolved by allowing the extension when the trustee is an interim trustee who, because the creditors never elected a permanent trustee, became the permanent trustee under section 702(d) by default.

The judge acknowledged that his ruling was inconsistent with *In re American Pad & Paper Co.*, 478 F.3d 546 (3d Cir. 2007), the only appellate decision to decide the issue, although in a case involving earlier versions of the relevant provisions of the Bankruptcy Code another court of appeals had, like the bankruptcy judge in the present case, held that the appointment of the interim trustee had triggered the extension of the statute of limitations. *In re Parmetex, Inc.* 199 F.3d 1029, 1034 (9th Cir. 1999). All the district court and bankruptcy decisions that we've found, whether inside or outside the Third Circuit, have followed *American Pad & Paper* rather than *Parmetex*. See *In re U.S. Wood Products, Inc.*, No. 00-3198 (MFW), 2007 WL 778182 (D. Del. Mar. 13, 2007); *In re Allied Digital Technologies Corp.*, 341 B.R. 171, 173-77 (D. Del. 2006); *In re Meyer's Bakeries, Inc.*, 377 B.R. 229, 231-32 and n. 1 (Bankr. W.D. Ark. 2007); *In re Glamourette/OG, Inc.*, No. 01-13025 (GAC), 2006 WL 3898322, at *2 (Bankr. D.P.R. Jan. 13, 2006); *In re Crowe Rope Industries, LLC*, 311 B.R. 313, 314-15 (Bankr. D. Me. 2004); *In re Goetz*, 175 B.R. 743, 746 and n. 1 (Bankr. C.D. Cal. 1994); see also 5 *Collier on Bankruptcy* ¶ 546.02[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

Actually *American Pad & Paper* itself is distinguishable from this case, as the trustee points out in his brief. A permanent trustee had been elected, in accordance with section 702(b), but after the two-year deadline. It would have been odd to allow the appointment of the interim trustee to (in effect) toll the statute of limitations, making him the placeholder for a different person, the permanent trustee later elected; for section 546(a)(1) provides the one-year extension only when a permanent trustee is appointed or elected within the two-year statutory period. In the present case the same person was interim and permanent trustee, and in effect the bankruptcy court backdated the trustee's permanent appointment to his interim appointment—a wrench, given the statutory language, but less so than would have been necessary to get around the statute of limitations in the *American Pad & Paper* case.

Still, the wrench is considerable. For there is no intrinsic ambiguity in the statute—that is, no one just reading the statute would think there was any basis for the trustee's claim. The permanent trustee must be elected or appointed within the two-year statutory period, and in this case the permanent trustee was appointed after that period had run. He had had a different status before then.

He agrees that the statute is not ambiguous, but he reads it to mean that the one-year extension ran from the date on which he was appointed interim trustee. He argues, and the bankruptcy judge agreed, that it

could not run from the date on which the trustee became the permanent trustee, because section 702 does not provide for the "appointment," but only for the "election," of the permanent trustee. Hence, he concludes, when section 546(a)(1)(B) says that the limitations period runs from the "*appointment* or election of the first trustee under section 702" (emphasis added), it must be referring to the appointment of the interim trustee under section 701.

But that reading reads the reference to section 702 right out of section 546(a)(1)(B). And while it's true that section 702 does not use the word "appointment"—stating instead that "if a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case," 11 U.S.C. § 702(d)—what could this mean except that the interim trustee is automatically appointed permanent trustee in consequence of the creditors' failure to elect a trustee? Notice too that under Fogel's interpretation, had he been elected permanent trustee (on June 30, 2011, the day he became permanent trustee without being elected) he would have lost the one-year extension for bringing avoidance suits. What sense would such a difference in results make?

His interpretation also would encourage creditors to game the system in Chapter 11 cases that were converted to Chapter 7 between one and two years after they had been filed. In such cases, creditors might put off their meeting to elect a permanent trustee until the two years were nearly up, so that they obtain the maximum limitations period secure in the knowledge

that if they waited too long they could meet without electing a trustee, in which case the period would be extended by one year from the date of appointment of the interim trustee. In contrast, the statute as written discourages creditors from dawdling after conversion to Chapter 7, because any meeting of creditors convened after the original two-year period would be too late.

If there is any ambiguity that favors the trustee's position, it would have to be extrinsic—that is, an ambiguity that emerges from the context of the text sought to be interpreted rather than being discernible from the text. See *Reich v. Great Lakes Indian Fish & Wildlife Comm'n*, 4 F.3d 490, 493-94 (7th Cir. 1993); *In re Kahn*, 133 F.3d 932 (10th Cir. 1998); *McConnell v. Pickering Lumber Corp.*, 217 F.2d 44, 47-48 (9th Cir. 1954). The bankruptcy judge thought there was an extrinsic ambiguity, although he didn't use the term. He was worried that a debtor would stave off conversion of the bankruptcy from Chapter 11 to Chapter 7 (many bankruptcies that begin in Chapter 11 end in Chapter 7, see Sarah Pei Woo, "Simultaneous Distress of Residential Developers and Their Secured Lenders: An Analysis of Bankruptcy & Bank Regulation," 15 *Fordham Journal of Corporate and Financial Law* 617, 632-34 (2010); Ed Flynn & Phil Crewson, "Chapter 11 Filing Trends in History and Today," *American Bankruptcy Institute Journal* 14, 65 (May 2009)) for two years and a day in order to prevent a trustee from bringing avoidance actions. For ordinarily there is no trustee in a Chapter 11 bankruptcy; rather, the debtor remains in possession of the bankrupt estate. The bankruptcy judge did not explain what incentive the debtor

in possession would have to do that, since avoidance actions if successful increase the value of the debtor's estate. But the debtor might oppose avoidance actions that seek to undo either preferences—payments by the debtor to his preferred creditors (who might for example be members of his family or officers or shareholders of the debtor), avoidance being sought on the ground that the debtor had unlawfully favored those creditors over others—or fraudulent transfers, which could include the debtor's hiding assets by paying "debts" to patsies who intend to refund the money to him. See 11 U.S.C. §§ 547, 548.

But the danger that a debtor in possession might stave off conversion to Chapter 7 in an effort to stymie legitimate creditors is not great enough to justify us in ignoring clear statutory language—clear in this case because section 546(a) extends the time for suit following appointment of a trustee under section 702, while an interim trustee is appointed under section 701. The reason it isn't grave enough to justify judicial surgery on the statute is that creditors are not powerless to prevent the running of the statute of limitations. A creditor can move for the appointment of a trustee in a Chapter 11 bankruptcy, see 11 U.S.C. § 1104; *Starzynski v. Sequoia Forest Industries*, 72 F.3d 816, 821 (10th Cir. 1995); 5 *Collier on Bankruptcy*, *supra*, ¶ 546.02[2][a], and if the ground of the motion is (as in the *Starzynski* case) that the appointment is necessary to prevent creditors' claims from being time-barred, the bankruptcy judge would be remiss if he failed to grant the motion. Furthermore, the statute of limitations in 11 U.S.C. § 546(a) is

subject to equitable tolling. See, e.g., *Jackson v. Astrue*, 506 F.3d 1349, 1354-55 (11th Cir. 2007); *In re Pugh*, 158 F.3d 530, 537 (11th Cir. 1998); *In re M & L Business Machine Co.*, 75 F.3d 586, 591 (10th Cir. 1996); *In re United Insurance Management, Inc.*, 14 F.3d 1380, 1384-85 (9th Cir. 1994); cf. *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 345-50 (1874). If without any laxity or other fault the creditors can't procure the appointment of a permanent trustee within the statutory deadline, the doctrine of equitable tolling would permit an extension. Thus the statute can be read as written without prejudice to the rights of the legitimate creditors of a Chapter 11 bankrupt.

Confirmation of this conclusion is found in the trustee's failure in his brief to endorse the bankruptcy judge's concern other than in passing. The only argument that the trustee develops is semantic—and unconvincing.

REVERSED.