Robert Lee **WASHINGTON**, Sr.,
Plaintiff–Appellant,

v.

William L. **BALL**, III, Secretary, Department of the Navy, United States Marine Corps., Equal Employment Office, Defendants–Appellees.

No. 89–8508
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 13, 1989.

---

Robert Lee Washington, Albany, Ga., pro se.

Michael C. Daniel, Asst. U.S. Atty., Macon, Ga., for defendants-appellees.

Before FAY, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal involves the dismissal of a civil rights complaint for untimeliness in filing. Under the particular facts of this case and the document filed with the United States District Court in the District of Columbia, we reverse.

Appellant Washington filed this *pro se,* civil rights action in the District of Columbia pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (*See* Exhibit Envelope, District of Columbia District Court Record, hereinafter referred to as "D.C.R.," at Doc. 1). In October 1985, Washington filed an Equal Employment Opportunity (EEO) complaint with the EEO Counselor at the Marine Corp Logistics Base, in Albany, Georgia. (*Id.,* Doc. 17, Exh. 4, Doc. 13, Exh. 1). In his complaint, Washington alleged that his supervisor committed acts of discrimination and retaliation because of a previous Equal Employment Opportunity Commission (EEOC) complaint he filed earlier. (*Id.*). After the complaint was rejected, Washington appealed to the EEOC's Office of Review and Appeals (ORA) (*id.* Doc. 13, Tab 28). Later that year, Washington was removed from his federal employment for conduct unrelated to this complaint. On February 12, 1988, the ORA affirmed the Secretary's rejection of Washington's complaint. Washington requested that his case be reopened. On August 19, 1988, the ORA denied his request to reopen. Washington received notice of this denial on August 26, 1988.

The instant complaint was filed in the D.C. district court on October 25, 1988. The Secretary moved to dismiss the action as untimely filed under 42 U.S.C. § 2000e–16, and if not dismissed, that the action be transferred to the proper venue, the Middle District of Georgia. The district court granted the motion to transfer but denied the motion to dismiss.

Upon transfer to the Middle District of Georgia, the Secretary moved again for dismissal of the complaint as untimely. The district court granted the motion and dismissed the complaint as untimely filed pursuant to 42 U.S.C. § 2000e–16.

Title 42 U.S.C. § 2000e–16 requires that civil actions brought by federal employees against the United States for alleged violations of Title VII must be commenced within thirty days of the employee's receipt of notice of final agency action. 42 U.S.C. § 2000e–16(c). Compliance with the thirty day time limit, however, is not a prerequisite to the district court's jurisdiction; the thirty day limitation is similar to a statute of limitation and is subject to equitable tolling. *Bates v. Tennessee Valley Authority,* 851 F.2d 1366, 1368 (11th Cir. 1988). The statute may be equitably tolled in the following situations: (1) when a state court action is pending; (2) when the defendant has concealed an act supporting the Title VII cause of action; and (3) when the defendant has mislead the employee regarding the nature of his rights under Title

VII.   *Manning v. Carlin,* 786 F.2d 1108, 1109 (11th Cir.1986).

In this case, Washington received his right to sue letter on August 26, 1988, and filed his complaint more than thirty days later, on October 25, 1988. While the district court was correct that none of the three situations of *Manning v. Carlin* was present in this case, the statute should nevertheless have been tolled pursuant to the reasoning of the District of Columbia district court. That court found equitable tolling justified by the following facts:

The thirty day period expired September 26, 1988. Prior to that date, Washington filed a request for a fifteen day extension to file his complaint. That request was received by the Clerk on September 22, 1988, four days before the expiration of the period. The Clerk of the Court, however, returned the document to Washington on October 3, 1988, with instructions to file his complaint and then request leave to amend if he needed additional time. October 3 was seven days after the limitations period.

Washington then submitted his complaint with an application to proceed *in forma pauperis;* these documents were received by the Clerk on October 18, 1988. The court granted the application to proceed *in forma pauperis* and the complaint was formally filed on October 25. The District of Columbia court concluded that it would be manifestly unfair to penalize a *pro se* liti-gant in such circumstances. Citing *Bowen*

*v. City of New York,* 476 U.S. 467, 480–83, 106 S.Ct. 2022, 2030–31, 90 L.Ed.2d 462 (1986) (permitting equitable tolling of Social Security Act statute of limitations in "compelling" cases). We agree.

This court has not stated conclusively that the three situations outlined in *Manning v. Carlin* are exhaustive. Applying the reasoning of *Manning,* we do not feel that Washington should be penalized for filing his complaint out of time. Just as the statute is tolled where a plaintiff is mislead by the Secretary, the statute should be tolled when a plaintiff is mislead by the court. The District Court Clerk in the District of Columbia informed Washington after the statutory period had run that he should proceed to file his complaint and then request leave to amend it. Having filed his request for an extension of time prior to the expiration of the thirty day period, he should not be penalized for following the instructions of the district court. Accordingly we conclude that under these peculiar facts the statute should be tolled.

REVERSED and REMANDED.