[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15134
Non-Argument Calendar
_____

D. C. Docket No. 04-00488-CV-OC-10-GRJ

WESLEY S. WALLER,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 27, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Wesley Stephen Waller appeals the district court's order granting the Commissioner of Social Security's motion for summary judgment because Waller failed to timely file his disability benefits case in the district court, as required by 42 U.S.C. §§ 405(g), 1383(c)(3). We conclude the district court did not err, and affirm.

## I. BACKGROUND

On November 5, 2004, Waller filed a complaint in the district court claiming that the Administrative Law Judge (ALJ) erred in denying his disability benefits, a decision which the Appeals Council (AC) refused to review. The Commissioner filed a motion to dismiss, or, in the alternative, for summary judgment, stating: (1) the AC denied Waller's request for review of the ALJ's decision on August 12, 2004; (2) pursuant to 42 U.S.C. § 405(g), Waller was required to file his complaint in the district court 60 days from the AC's denial, or by October 18, 2004; and (3) he did not file his complaint until November 5, 2004. The Commissioner asserted because Waller had failed to timely file his complaint, and circumstances did not warrant equitable tolling of the statute of limitations, his claim should be dismissed. Attached to the motion was a letter, dated August 27, 2004, addressed to the Social Security Administration's Office of the General Counsel (OGC), and signed by Waller, requesting an "extension of time to hire an attorney to file a civil

action." Also attached was a declaration by John J. Timlin, the AC administrator in charge of Waller's case, stating that: (1) upon review of the ALJ's decision, the AC sent a notice of its action to Waller; (2) the notice informed Waller of his right to commence a civil action within 60 days of receipt of the notice; and (3) he was not aware, at the time he signed the declaration, of Waller's request for an extension of time to file a civil action. The district court granted the motion for summary judgment.

Waller appeals, asserting the AC erred in not granting his request for an extension because he had good cause. Waller further contends an affidavit in which he described his state of mind constituted sufficient evidence of mental illness to apply equitable tolling.

## II. DISCUSSION

A. *Request for extension*

As an initial matter, to the extent Waller challenges the decision of the AC not to grant an extension, that decision is not subject to judicial review. In *Stone v. Heckler*, 778 F.2d 645 (11th Cir. 1985), we held the AC's decision not to grant an extension was not subject to judicial review and stated "a Social Security claimant should not rely upon the possibility of an administrative extension of time" and allowing judicial review "would allow claimants to frustrate the Congressional

3

intent to forestall belated litigation of stale eligibility claims." *Id.* at 648

(quotations, alteration, and citation omitted).

B. *Equitable tolling*

"The question of whether equitable tolling applies is a legal one subject to *de novo* review." *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1153 (11th Cir. 2005). We review a district court's grant of summary judgment *de novo*. *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000).

> Section 405(g) of Title 42 states, in relevant part:
>
> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within *sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added); *see also* 42 U.S.C. § 1383 (incorporating § 405(g) by reference). The Supreme Court has held "application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress." *Bowen v. City of New York*, 106 S. Ct. 2022, 2030 (1986) (quotations and citation omitted).

In *Bowen*, the Supreme Court held because "the Government's secretive conduct prevent[ed] plaintiffs from knowing of a violation of rights," equitable

4

tolling of § 405(g) was appropriate. 106 S. Ct. at 2030. We have held equitable

tolling is reserved for "extraordinary circumstances," which "is a fact-specific

determination because a finding of extraordinary circumstances necessary for

equitable tolling is reserved for extraordinary facts." *Cabello*, 402 F.3d at 1154-55

(quotations, alteration, and citation omitted). In *Cabello*, we noted:

> equitable tolling is appropriate in situations where the defendant
> misleads the plaintiff, allowing the statutory period to lapse; or when
> the plaintiff has no reasonable way of discovering the wrong
> perpetrated against her, as is the case here. Additionally, in order to
> apply equitable tolling, courts usually require some *affirmative
> misconduct*, such as deliberate concealment.

*Id.* at 1155 (quotation and citation omitted).

Here, it is undisputed Waller filed his complaint after the expiration of the

60-day statute of limitations. The only issue for this Court to resolve is whether

the evidence presented in Waller's affidavit and the Bojarski Evaluation, construed

in the light most favorable to Waller, would give rise to equitable tolling.

Despite Waller's statement in his affidavit regarding his inability to act due

to his mental illness, other evidence revealed: (1) Waller sent a letter to the OGC

requesting a time extension; and (2) Waller visited an attorney and provided her

with SSA documents prior to the expiration of the 60-day statute of limitations.

Additionally, the only professional evaluation of Waller's condition, the Bojarski

Evaluation, was conducted more than eight months prior to the date on which he

5

received notice of the AC's decision, and, significantly, concluded Waller's: (1) ability to understand, remember, and carry out "short simple instructions" was not impaired; and (2) ability to do so with "detailed instructions" only was moderately impaired. These acts and evaluations are in conflict with his assertion he was unable to timely file his complaint. Therefore, his affidavit constitutes "[a] mere scintilla of evidence [and] . . . is insufficient to defeat a motion for summary judgment." *Kesinger ex rel. Estate of Kesinger v. Herrington*, 381 F.3d 1243, 1249-50 (11th Cir. 2004).

## III. CONCLUSION

Waller's assertion the AC erred by not granting his request for an extension is not subject to judicial review. Additionally, Waller did not show any affirmative misconduct by the Commissioner which prevented him from filing his complaint within the statute of limitations period, or that he was entitled to equitable tolling for any other reason. The district court did not err in granting the Commissioner's motion for summary judgment.

**AFFIRMED.**