[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16459

_____

D. C. Docket No. 06-00629-CV-N

PATRICIA A. JACKSON,

Plaintiff-Appellant,

versus

MICHAEL J. ASTRUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 9, 2007)**

Before MARCUS and PRYOR, Circuit Judges, and LAND,[*] District Judge.

MARCUS, Circuit Judge:

---

[*]Honorable Clay D. Land, United States District Judge for the Middle District of Georgia, sitting by designation.

Patricia A. Jackson appeals the district court's dismissal of her challenge to the administrative denial of her application for Supplemental Social Security ("SSI"), filed under Title XVI of the Social Security Act ("SSA"), 42 U.S.C. § 1383(c). The district court dismissed the complaint as untimely, because it was not filed within the 60-day statute of limitations, enumerated in 42 U.S.C. § 405(g), for federal court review of SSI denials. On appeal, Jackson contends that the district court erred in dismissing her complaint, because the doctrine of equitable tolling applied to excuse her tardy filing. After thorough review, we affirm the judgment of the district court.

I.

The facts relevant to our equitable tolling analysis are these. On August 31, 2004, Jackson sought SSI benefits for injuries she sustained in an automobile accident earlier that month. On February 3, 2006, following a hearing, an Administrative Law Judge ("ALJ") denied Jackson's petition on the ground that her injuries did not qualify as "disabilities" under the SSA. On April 21, 2006, the SSA's Appeals Council ("the Appeals Council") denied Jackson's request for review. At this point, the ALJ's decision became final, subject to federal court review under 42 U.S.C. §§ 405(g)[1] and 1383(c)(3). In its letter,[2] the Appeals

_____

[1] In pertinent part, that Section provides as follows:

2

Council unambiguously "advised Jackson to file her complaint in the United States District Court for the judicial district in which she lives within sixty days from the date of her receipt of the letter." Jackson v. Barnhart, Civil Action No. 2:06cv629-CSC (M.D. Ala. 2006). Additionally, the Appeals Council informed Jackson that "[the Council] would assume that Jackson received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia. . . . .

42 U.S.C. § 405(g).

[2] In pertinent part, the letter advised Jackson this way:

> You may file a civil action (ask for court review) by filing a complaint in the United States District Court for the judicial district in which you live . . . .

> You or your representatives must deliver copies of your complaint and of the summons issued by the court to the U.S. Attorney for the judicial district where you file your complaint, as provided in Rule 4(i) of the Federal Rules of Civil Procedure.

> You or your representative must also send copies of the complaint and summons, by certified or registered mail, to the Social Security Administration's Office of the General Counsel that is responsible for the processing and handling of litigation in the particular judicial district in which the complaint is filed. . . .

> You or your representative must also send copies of the complaint and summons, certified or registered mail, to the Attorney General of the United States, Washington DC 20530.

period." Id. Thus, according to the terms of the April 21, 2006 letter, and consistent with the 60-day statute of limitations, Jackson was required to file her complaint in the United States District Court for the Middle District of Alabama on or before June 26, 2006.

Instead, on June 20, 2006, Jackson filed a *pro se* complaint challenging the Commissioner's denial of her SSI claim in the state circuit court of Montgomery County, Alabama. Then, on July 13, 2006, that court dismissed Jackson's complaint for lack of jurisdiction. Thereafter, on July 18, 2006, twenty-two days after § 405(g)'s statute of limitations had expired, Jackson filed a complaint in the United States District Court for the Middle District of Alabama.

Appellee, the Commissioner of Social Security ("the Commissioner"), promptly moved to dismiss Jackson's petition under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that the complaint was untimely filed. On December 12, 2006, the district court granted the Commissioner's motion to dismiss. This appeal followed.

II.

We review de novo the district court's dismissal of Jackson's complaint for failure to satisfy the statute of limitations, accepting as true the allegations contained in the complaint. Byrd v. MacPapers, Inc., 961 F.2d 157, 159 (11th Cir.

4

1992). "The question of whether equitable tolling applies is a legal one subject to de novo review." Cabello v Fernandez-Larios, 402 F.3d 1148, 1153 (11th Cir. 2005).

On appeal, Jackson bases her challenge to the district court's dismissal of her § 405(g) complaint on the theory of equitable tolling. Specifically, Jackson says that Congress has made explicit its intention that equitable tolling apply to the SSA's statute of limitations. In addition, Jackson challenges the district court's application of Burnett v. New York Central Railroad Co., 380 U.S. 424 (1965), a case discussing equitable tolling in the context of the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 56, to the facts of her case, citing the SSA's more permissive approach to equitable tolling.

We consider two threshold questions: first, whether the doctrine of equitable tolling applies to the statute of limitations period embodied in § 405(g), and if so, what showing a claimant must make before the court may toll the SSA's statutory period.

It is by now axiomatic that the United States "is immune from suit save as it consents to be sued," and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments. Lehman v. Nakshian, 453 U.S. 156, 160 (1981) (quoting United States v. Testan,

424 U.S. 392, 399 (1976)). In 42 U.S.C. § 405(g), Congress waived sovereign immunity by giving the federal courts jurisdiction to review and modify or reverse the Commissioner's decisions. See Huie v. Bowen, 788 F.2d 698, 705 (11th Cir. 1986). As such, the remedies outlined in that statute are the exclusive source of federal court jurisdiction over cases involving SSI. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Again, in pertinent part, that statute provides that a claimant may obtain review of the Commissioner's decision by filing "a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as [the Commissioner] may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ." 42 U.S.C. § 405(g) (emphasis aded). Owing to the explicit discretion § 405(g) affords, the Supreme Court has held "that application of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the congressional purpose and is nowhere eschewed by Congress." Bowen v. City of New York, 476 U.S. 467, 480 (1986) (quotation marks omitted).

Thus, as a preliminary matter, it is clear that the doctrine of equitable tolling is available to a claimant whose § 405(g) challenge in the district court was

6

untimely. We must also determine, however, precisely what showing a claimant must make before a court may actually toll the statute. We have not had occasion to address this question in a published opinion.

We do so now and hold that traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances. In an unpublished opinion, Waller v. Comm'r, 168 Fed. Appx. 919 (11th Cir. 2006), we held, in the context of § 405(g), that traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of extraordinary circumstances. Id. at 922. The extraordinary circumstances standard, we explained, may be met "where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her . . . ." Id.

The Second Circuit has addressed the applicability of equitable tolling to § 405(g)'s statute of limitations and has defined the claimant's burden this way: "[T]he doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Davila v. Barnhart, 225 F. Supp. 2d 337, 339 (S.D.N.Y. 2002) (pointing out

7

that, in the context of § 405(g), the "[p]laintiff bears the burden of establishing the exceptional circumstances that warrant equitable tolling.").

We think the law clearly requires that "a finding of extraordinary circumstances" is necessary before a court may equitably toll the SSA's statutory period, and this determination "is reserved for extraordinary facts." Cabello, 402 F.3d at 1148 (quotation marks omitted). This result should not be surprising in view of the deference congressionally mandated periods of limitations demand. Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (noting that equitable tolling "is to be applied sparingly."). Moreover, requiring a claimant to justify equitable tolling of the SSA's statute of limitations by establishing extraordinary circumstances is fully consistent with our approach to equitable tolling in other contexts.

Thus, for example, in Cabello, we required plaintiffs suing under both the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350, and the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350, to demonstrate that extraordinary circumstances prevented them from filing their claims within those statutes' 10-

year limitations periods. 402 F.3d at 1154 (quotation marks omitted) ("We must . . . determine whether the facts of this case demonstrate extraordinary circumstances sufficient for equitable tolling. This is a fact-specific determination because a finding of extraordinary circumstances is reserved for extraordinary facts."). Specifically, we said: "[E]quitable tolling is appropriate in situations where the defendant misleads the plaintiff, allowing the statutory period to lapse; or when the plaintiff has no reasonable way of discovering the wrong perpetrated against her." Id. at 1155. In Cabello, the survivors of Winston Cabello, a Chilean official who was murdered during a coup d'état, filed a lawsuit in the Southern District of Florida against an ex-member of a Chilean military *junta* in 1973. Noting that Congress had endowed both the ATCA and the TVPA with 10-year statutes of limitations, the defendant argued that the plaintiffs' claims, filed in 1999, were time-barred. While we conceded that "in order to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment," we ultimately tolled the statute in that case because, we found, the deliberate "cover-up of the events surrounding Cabello's death made it nearly impossible for the Cabello survivors to discover the wrongs perpetrated against Cabello." Id. at 1155 (quotation marks omitted).

We have likewise applied an "extraordinary circumstances" standard to tolling the statute of limitations set forth in 11 U.S.C. § 546 (a)(1). In re Int'l Admin. Servs. Inc., 408 F.3d 689, 700-01 (11th Cir. 2005). In that case, we explained that "[w]here, despite the exercise of due diligence, a trustee fails to timely bring an avoidance action due to fraud or extraordinary circumstances beyond the trustee's control, equitable tolling prevents the expiration of § 546(a)'s limitations period." Id. at 700. Ultimately, we determined that the plaintiffs satisfied the extraordinary circumstances standard by demonstrating that IAS went to "extreme lengths to conceal" evidence of the fraud they had committed, making it nearly impossible for the bankruptcy trustee to obtain sufficient information to file a complaint within the statutory period. Id. at 701. This Court has similarly required claimants suing under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., to justify equitable tolling of that statute's limitations period by a showing of extraordinary circumstances. Ross v. Buckeye Cellulose Corp., 980 F.2d 648, 660 (11th Cir. 1993). In Ross, equitable tolling did not apply, and we found clear error, where plaintiffs failed to show that "they had no reason to believe they were victims of unlawful discrimination." Id. at 660-61.

Lastly, this Court has applied the "extraordinary circumstances" standard to claims brought under the Antiterrorism and Effective Death Penalty Act

10

("AEDPA"), 28 U.S.C. § 2255. <u>Sandvik v. U.S.</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). ("Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."). In that case, we refused to equitably toll AEDPA's statute of limitations, noting that "Sandvik's motion was late because his lawyer sent it by ordinary mail from Atlanta less than a week before it was due in Miami." <u>Id</u>. at 1272. While we agreed that "the inefficiencies of the United States Postal Service may be a circumstance beyond Sandvik's control, the problem was one that Sandvik's counsel could have avoided by mailing the motion earlier or by using a private delivery service or even a private courier." <u>Id</u>.

Thus, while we believe the law is well-settled that equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply "traditional equitable tolling principles." And traditional equitable tolling principles require that the claimant demonstrate <u>extraordinary circumstances</u>, such as fraud, misinformation, or deliberate concealment. Under the peculiar facts and circumstances of this case, we fully agree with the district court's determination that Jackson has failed to demonstrate that extraordinary circumstances prevented her from timely filing her § 405(g) case in the United States District Court for the Middle District of Alabama.

Jackson offers four arguments in support of her claim that the district court should have equitably tolled the statute of limitations. First, she says that she has shown "good cause" for her untimely filing, as that term is defined in 20 C.F.R. § 416.1411.[3] Second, she claims that her limited linguistic and legal experience prevented her from fully comprehending the Appeals Council's letter and caused her to improperly file her challenge in state court.  Third, she alleges that the state circuit court clerk for Montgomery County, Alabama, misled her by allowing her to file her case in county court without objection. Finally, Jackson questions the applicability of the Supreme Court's holding in Burnett, a case interpreting FELA's statute of limitations, to the facts of her case, citing the SSA's more permissive approach to equitable tolling. We consider each of these arguments in turn in light of the "extraordinary circumstances" standard.

---

[3] That regulation provides as follows:

> In determining whether you have shown that you have good cause for missing a deadline to request review we consider – (1) What circumstances kept you from making the request on time; (2) Whether our action misled you; (3) Whether you did not understand the requirements of the Act resulting from amendments to the Act, other legislation, or court decisions; and (4) Whether you had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented you from filing a timely request or from understanding or knowing about the need to file a timely request for review.

20 C.F.R. § 416.1411(a).

As for Jackson's first argument, unfortunately, § 416.1411 provides for a "good cause" standard only in cases where a claimant is requesting that the Appeals Council extend the deadline for filing a complaint in federal district court. See 20 C.F.R. § 416.1482.[4] Where, as here, the claimant is asking a United States District Court to equitably toll the 60-day statute of limitations, the standard is more demanding. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990) ("[Federal courts] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."). As we have discussed, when a court is asked to toll a congressionally mandated statute of limitations, it has traditionally required a claimant to justify untimeliness by showing extraordinary circumstances. Torres, 417 F.3d at 279; In re Int'l Admin. Servs., Inc., 408 F.3d at 700; Cabello, 402 F.3d at 1155; Sandvik, 177 F.3d at 1271; Ross, 980 F.2d at 660; Davila, 225 F.Supp.2d at 339. Jackson's

---

[4] That regulation, promulgated by the United States Department of Labor, provides:

> Any party to the Appeals Council's decision or denial of review, or to an expedited appeals process agreement, may request that the time for filing an action in a Federal district court be extended. . . . The request must be filed with the Appeals Council, or if it concerns an expedited appeals process agreement, with one of our offices. If you show that you had good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, we use the standards explained in § 416.1411.

20 C.F.R. § 416.1482.

reliance on the "good cause" standard embodied in the Code of Federal Regulations is misplaced.

Jackson contends, next, that the statute should be tolled in her case because her limited linguistic and legal experience made it impossible for her to understand that the law required her to file her claim in the United States District Court, as opposed to state court. We are unpersuaded. The Appeals Council's instructions to Jackson could not have been clearer. The Appeals Council plainly instructed Jackson that she could file a civil action (and ask for court review) by filing a complaint in the United States District Court for the district in which she lives. Moreover, the Appeals Council used such words as "United States District Court," "U.S. Attorney," "Federal Rules of Civil Procedure," and "Attorney General of the United States, Washington, D.C.," making it clearer still, we think, that a civil action had to be filed in a federal court. Moreover, this Court has defined "extraordinary circumstances" narrowly, and ignorance of the law does not, on its own, satisfy the constricted "extraordinary circumstances" test. See Wakefield v. Railroad Retirement Bd., 131 F.3d 967, 970 (11th Cir. 1997) ("Ignorance of the law usually is not a factor that can warrant equitable tolling."); Sandvik, 177 F.3d at 1292 (refusing to equitably toll AEDPA's statute of limitations on the basis of Sandvik's attorney's negligence); see also Irwin, 498

U.S. at 96 ("[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect."). Simply put, Jackson has not shown that her limited legal experience prevented her in some <u>extraordinary way</u> from timely filing her § 405(g) complaint.

Third, Jackson claims that the Montgomery County Circuit Court clerk "misled" her by processing her case without objection, thereby giving her the impression that she had filed her claim in a court of competent jurisdiction when in fact she had not. We have held that "to apply equitable tolling, courts usually require some affirmative misconduct, such as deliberate concealment." <u>Cabello</u>, 402 F.3d at 1155. Nothing in the record suggests the county court clerk deliberately misled Jackson or otherwise actively concealed material information from her, let alone that the Commissioner of Social Security misled her in any way.

This is not to say that we would be unwilling to equitably toll a statute of limitations where there is no evidence of deliberate concealment, but where the claimant nevertheless has been misinformed by a court's misleading actions or instructions. Indeed, we have had several opportunities to address this question, and, each time, we have equitably tolled the relevant statute of limitations. Spottsville v. Terry, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (equitably tolling

AEDPA's statute of limitations where the state habeas court advised Spottsville to file his appeal in the wrong state court, and where Spottsville followed the state court's misleading advice to the letter); Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993) (equitably tolling Title VII's statute of limitations where Goldsmith timely filed a defective pleading in the proper federal district court, but where "the district court treated the [defective] filing as effective" until the expiration of the 90-day period); Washington v. Ball, 890 F.2d 413, 415 (11th Cir. 1989) (per curiam) (equitably tolling Title VII's statute of limitations where the appropriate federal court clerk received Washington's motion for an extension four days prior to the expiration of the statutory period, but then failed to file the motion and returned it to Washington only after the period had expired). But unlike the claimants in Washington and Goldsmith, Jackson did not timely file her challenge, or a motion for an extension, in the appropriate court. Moreover, unlike the courts in Washington, Goldsmith, or Spottsville, the Montgomery County Court did not mislead Jackson or otherwise cause her filing error. Indeed, once the county court determined that it lacked jurisdiction over Jackson's complaint, it dismissed her case with instructions to file her petition in the appropriate United States District Court. In short, Jackson has failed to demonstrate that the county court clerk prevented her in some extraordinary way from timely filing her §

16

405(g) complaint in the United States District Court for the Middle District of Alabama.

Finally, Jackson says that the district court improperly applied the Supreme Court's holding in Burnett to the facts of her case. In Burnett, the Supreme Court held, in the context of the Federal Employers' Liability Act, that "when a plaintiff begins a timely FELA action in a state court having jurisdiction, and serves the defendant with process and the plaintiff's case is dismissed for improper venue, the FELA limitation is tolled during the pendency of the state suit." Burnett, 380 U.S. at 434-35. We have interpreted Burnett as holding that a statute of limitations can be tolled only by a plaintiff who timely files in a state court "with competent jurisdiction over his claim." Hairston v. Travelers Cas. & Sur. Co., 232 F.3d 1348, 1352 (11ᵗʰ Cir. 2000). Here, it is undisputed that § 405(g) makes the federal courts the exclusive forum in which claimants may challenge final decisions of the Commissioner. 42 U.S.C. § 405(g) ("Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . ."). The Montgomery County Circuit Court in which Jackson filed her claim was not a court of competent jurisdiction over her claim.

Jackson notes, however, that whereas Burnett involved a claim for equitable tolling under FELA, her case for equitable tolling falls under the more permissive

SSA.  But nowhere in Burnett does the Supreme Court intimate, let alone state, that its holding was the result of any supposed inflexibility in FELA's limitations period. To the contrary, in concluding that Congress did intend for courts to equitably toll FELA's statute of limitations, the Court "explicitly held" that "the FELA limitation period is not totally inflexible," and, "under appropriate circumstances, it may be extended beyond three years." Burnett, 380 U.S. at 427. Indeed, that the Court tolled the statute in Burnett is an indication that FELA is more malleable than Jackson suggests. In any event, this Court has had numerous opportunities to consider the applicability of equitable tolling to statutes other than FELA. In each case, we have determined that "filing in a court without competent jurisdiction did not toll the statute of limitations." Hairston, 232 F.3d at 1353 (holding that filing a claim in a state court without competent jurisdiction did not toll the statute of limitations under the National Flood Insurance Program, 42 U.S.C. § 4072); Bailey v. Carnival Cruise Lines, Inc., 774 F.2d 1577, 1579-81 (11th Cir. 1985) (holding that filing a case in a state court without competent jurisdiction did not toll the statute of limitations for claims brought under the Death on High Seas Act, 46 U.S.C. § 761, et seq.); United States v. Md. Cas. Co., 573 F.2d 245, 247 (5th Cir. 1978) (holding that filing a case in a state court without

18

competent jurisdiction did not toll the statute of limitations for claims brought under the Miller Act, 40 U.S.C.A. § 270(b)).

In sum, we affirm the district court's determination dismissing Jackson's complaint under 42 U.S.C. § 405(g). On this record, Jackson has not shown extraordinary circumstances and, therefore, has not established entitlement to equitable tolling. Jackson has not shown that the Commissioner engaged in any act of affirmative misconduct in an effort to mislead her. Further, she was clearly notified that she was obliged to commence suit in federal district court. And, to the extent she filed suit in a state court, that court was without jurisdiction to entertain her claim.

**AFFIRMED**.