[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 19, 2011
JOHN LEY
CLERK

No. 10-12898
Non-Argument Calendar
_____

D.C. Docket No. 4:08-cv-00032-CDL-GMF

SANDRA COLLIER-FLUELLEN,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(January 19, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Sandra Collier-Fluellen appeals from the district court's dismissal of her

complaint seeking review of the Social Security Commissioner's denial of her

application for disability insurance benefits.  The district court dismissed her complaint on the ground that it was not timely filed within the 60-day statute of limitations under 42 U.S.C. § 405(g), and that she was not entitled to equitable tolling.  On appeal, she contends that the district court erred in determining that she failed to show extraordinary circumstances warranting equitable tolling.[1]

We have held that while "equitable tolling may apply to § 405(g)'s statute of limitations, before a court may do so it must apply 'traditional equitable tolling principles.' And traditional equitable tolling principles require that the claimant demonstrate <u>extraordinary circumstances</u>, such as fraud, misinformation, or deliberate concealment."  <u>Jackson v. Astrue</u>, 506 F.3d 1349, 1355 (11th Cir. 2007).  Thus, more than a showing of good cause is required to meet this standard, and we accordingly held in <u>Jackson</u> that the claimant was not entitled to equitable tolling because she failed to show that extraordinary circumstances contributed to her mistakenly filing her complaint in state rather than federal court.  <u>Id.</u> at 1355-57.

On appeal, Collier-Fluellen emphasizes that the Social Security Administration took nearly seven years to adjudicate her claim, and that this undue

---

[1] "The question of whether equitable tolling applies is a legal one subject to de novo review."  <u>Jackson v. Astrue</u>, 506 F.3d 1349, 1352 (11th Cir. 2007) (citation omitted).

delay has the effect of precluding her from filing a new administrative claim. She further points out that allowing her claim to proceed on the merits would not prejudice the Commissioner. However, it is undisputed that the reason why Collier-Fluellen's complaint was not timely filed was because her attorney miscalculated the filing deadline. Unfortunately, such negligence on the part of her attorney does not constitute an extraordinary circumstance. See id. at 1355-56 (citing Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999)). Accordingly, we must affirm.

**AFFIRMED.**