[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 09-15061
Non-Argument Calendar

_____

D. C. Docket No. 03-00859-CV-T-17-TBM

DANIEL RAY ERICKSON,

                                                            Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 20, 2011)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Ray Erickson, proceeding pro se, appeals the ruling of the court

below.  Erickson asserts that the magistrate judge made several errors in affirming the Commissioner of Social Security's denial of his request for a waiver of an overpayment charge in connection with his Social Security disability benefits. First, he alleges that the Commissioner violated his due process rights when the Commissioner failed to correct the miscalculation of his benefits caused by a computer error in 1972, resulting in an underpayment of $150,000.  Second, Erickson argues that his due process rights were violated when funds were deducted for overpayment without determining whether he was at fault and that there was not substantial evidence to support the decision that there was an overpayment.  Third, Erickson argues that his due process rights were violated when the Commissioner held open the 1984 through 1985 suspension of his disability insurance benefits ("DIB") but later determined that the suspension of benefits issue was time barred.  Fourth, Erickson argues that the Commissioner, acting as an agent for Medicare, failed to repay the amount deducted for insurance premiums, violating his due process rights.  Fifth, Erickson contends that the magistrate judge did not have jurisdiction to rule on the objections he filed to the magistrate judge's order and applied the incorrect standard of review.  Lastly, Erickson argues that as to the 1995 through 1996 overpayment issue, the Commissioner was barred by res judicata from revisiting the final decision and

2

acted vindictively in overturning the favorable 2000 decision of the Administrative Law Judge ("ALJ").

We find that the first four claims are time-barred. There is no evidence in the record to support Erickson's fifth claim that the magistrate judge used an arbitrary standard of review. We reject Erickson's sixth contention because Erickson's own decision to appeal the partially favorable ruling contributed to the adverse result and substantial evidence supported the ALJ's ruling.

## I.

We review de novo a district court's dismissal of a claim as barred by the statute of limitations. Jackson v. Astrue, 506 F.3d 1349, 1352 (11th Cir. 2007). Chapter 42 U.S.C. § 405(g) provides the exclusive jurisdictional basis for cases arising under the Social Security Act. 42 U.S.C. § 405(g). Section 405(g) states in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(g) limits judicial review to

3

final decisions of the Commissioner made after a hearing. <u>Califano v. Sanders</u>, 430 U.S. 99, 108, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977). "Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or belated litigation of stale eligibility claims. Our duty, of course, is to respect that choice." <u>Id.</u> As the regulations proscribe, where a claimant seeks review of a determination, he must seek reconsideration within 60 days.

Erickson's claim that his benefits were miscalculated in 1972 resulting in an underpayment of $150,000 is time-barred. In reviewing the record, there is no evidence suggesting that Erickson requested review of his initial benefit calculation made in 1973 until 1998. Erickson failed to challenge the calculation of his benefits within 60 days so his claim is untimely and must be dismissed. 42 U.S.C. § 405(g). Likewise, Erickson's second and third claims are untimely. He again did not challenge the withholding of benefits in the 1980s until 1998, failing to meet the 60 day statute of limitations.

Erickson's fourth claim is that he should not have been charged with Medicare premiums during his incarceration. This claim is also time-barred. A 1986 letter stated that the amount of $156.40 would be deducted from Erickson's benefits within 30 days unless he requested relief from the payment or arranged an

alternative method of payment. As Erickson did neither, his attempt to renew any right of review by demanding reconsideration in 1998 was untimely.

As to Erickson's fifth claim, there is no evidence in the magistrate judge's order to suggest that an incorrect standard of review was applied. Erickson specifically relies on the phrase "I guess" as the arbitrary standard applied, however, this phrase does not appear in the magistrate judge's order. Pursuant to Federal Rule of Civil Procedure 59(e), a court is afforded broad discretion to reconsider an order which it has entered. Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1238–39 (11th Cir. 1985). Erickson cites to no evidence that the magistrate judge was incorrect in construing the supplemented objections as a motion to reconsider. Consequently, we find no error.

II.

When reviewing the ALJ's decision, we ask whether it was supported by substantial evidence. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). "Substantial evidence is less than a preponderance, but rather such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. This Court may not decide facts anew, reweigh the evidence, or

substitute its own judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam).

Whenever the Commissioner finds that more than the correct amount of payment has been made to any person under Title II of the Social Security Act, proper adjustment or recovery must be made. 42 U.S.C. § 404(a)(1). An overpayment prompting such an adjustment or recovery includes a payment resulting from the failure to terminate benefits. Id. The Act provides that there shall not be recovery from any person who is without fault if recovery would defeat the purpose of Title II. 42 U.S.C. § 404(b). Under the regulations, the term "defeat the purpose of Title II" is defined to mean, "to deprive a person of income required for ordinary and necessary living expenses." 20 C.F.R. § 404.508(a).

The ALJ's decision that the denial of a waiver of the overpayment would not defeat the purpose of Title II was supported by substantial evidence. The record demonstrates that Erickson could afford the amount of repayment without depriving him of income required for necessary living expenses. Erickson testified that his mother died in April 2006, leaving him approximately $50,000 in stocks, bonds, and cash. He also received a half interest in his mother's house, which was worth approximately $100,000. Erickson testified that he was "financially okay now," that he did not have any debt, and that "everything's taken

care of."

The Appeals Council's decision to reverse the 2000 decision was not vindictive because Erickson himself appealed the ALJ decision, despite the partially favorable outcome. In undertaking this appeal, Erickson risked losing the waiver he had been awarded by the ALJ. The Appeals Council acted within its authority in remanding the case for further consideration of whether the whole of the overpayment should be waived rather than just the net balance. But for the change in Erickson's financial circumstances resulting from his inheritance, the findings of the ALJ in 2007 indicate that Erickson likely would have prevailed as to the entire overpayment sum because he was found to be without fault in causing the overpayments. Thus, the decision to reverse the favorable outcome of the 2000 decision was not vindictive.[1] Because substantial evidence was presented that Erickson is financially capable of repaying the overpayment, the ALJ did not err in denying the waiver. Accordingly, we affirm.

**AFFIRMED.**

---

[1] Erickson's contention that <u>res judicata</u> applies to the 2000 decision is meritless. The 2000 decision was vacated by the Appeals Council and no longer had any preclusive effect.