[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15138
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-60872-WJZ


JONATHAN KYLE LEWIS,

                                                        Plaintiff - Appellant,

                              versus

REGIONAL DIRECTOR FOR BROWARD COUNTY,
GULLANE VICTOR-ADAM,
Counselor,
JUNE RICHARDS,
Social Worker,
EMMA THOMAS,
Counselor,
KAREN MCCALLA,
Supervisor, et al.,

                                                        Defendants - Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 5, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jonathan Lewis, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his suit filed under 42 U.S.C. § 1983.  After careful review, we affirm.

In April 2011, Lewis sued several officials employed by the Florida Department of Children and Families (DCF).  He alleged that DCF violated his rights under the United States and Florida Constitutions by returning him to his mother's custody and by failing to provide him with necessary services when he "aged out" of the system at 23 years old.  A magistrate judge prepared a report and recommendation (R&R) recommending that Lewis's suit be dismissed because it was "duplicative of [a] prior case" he filed.  The district court adopted the R&R and dismissed the case.[1]  This is Lewis's appeal.

We review *de novo* the district court's *sua sponte* dismissal of an action filed *pro se* and *in forma pauperis*, taking the allegations in the complaint as true and construing the pleadings liberally.  *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  We may affirm a dismissal "on any ground that finds support in the record," even if the district court did not rely on it.  *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).  Our review is confined to the plaintiff's complaint

---

[1] Neither the district court nor the R&R cited any authority for dismissing a claim *sua sponte* as "duplicative."  And although the record is unclear, it does not appear that preclusion would have barred Lewis's suit, at least when the R&R was filed.  Nevertheless, as explained more fully below, because the record contains an alternative basis on which to affirm, we need not decide if the district court had authority to dismiss Lewis's case for this reason.

and its attached exhibits.  *See Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1259 (11th Cir. 2012); *see also Alba*, 517 F.3d at 1252 (noting that the same standards govern Rule 12(b)(6) motions to dismiss and *sua sponte* dismissals for failure to state a claim).

Lewis's section 1983 claim is subject to Florida's four-year personal-injury statute of limitations.[2]  *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011).  "The statute of limitations on a section 1983 claim begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Id.* (internal quotation marks omitted).  The statute of limitations will not bar an otherwise untimely claim, however, when a plaintiff "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

An exhibit attached to Lewis's amended complaint indicated that he was born on July 9, 1982.  Lewis's complaint alleged that DCF last violated his rights by failing to provide him services when he turned 23 on July 9, 2005.  Hence, his claim accrued, at the latest, on that date.  *See Van Poyck*, 646 F.3d at 867.  Therefore, the statute of limitations ran on Lewis's claim in July 2009.  *See id.*  Yet he did not file this lawsuit until April 2011, nearly two years later.

---

[2] Lewis argues that the appropriate statute of limitations is Fla. Stat. § 95.11(1), which provides a 20-year statute of limitations for "[a]n action on a judgment or decree of a court of record in this state."  Because this case is not such an action, his argument fails.

Lewis argues that his suit is not untimely because he was not aware that he had a claim until speaking with a prison law clerk.  Lewis's lack of awareness of his claim, however, is not the sort of extraordinary circumstance necessary to overcome the statute of limitations.  *Jackson v. Astrue*, 506 F.3d 1349, 1356 (11th Cir. 2007) ("[I]gnorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test.").  Lewis's suit is therefore barred.

Accordingly, the district court's dismissal of Lewis's suit is

**AFFIRMED.**

4