[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12772
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cv-00919-JSM-TBM

TERRY L. FISH,

Plaintiff-Appellant,

versus

GEICO INSURANCE,
CREDIT COLLECTION SERVICES,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 9, 2015)

Before MARTIN, ANDERSON, and COX, Circuit Judges.

PER CURIAM:

Terry L. Fish, proceeding *pro se*, appeals the district court's *sua sponte* dismissal, under 28 U.S.C. § 1915(e)(2)(B)(i), of Fish's civil complaint as time-barred.

Fish's complaint alleges violations of the Fair Debt Collection Practices Act ("the Act"), 15 U.S.C. §§ 1962, *et seq*. An action brought under this Act must be brought within one year from the date on which the alleged violation occurred. Fish's action was filed more than eight years after his claim accrued. We assume *arguendo* that Fish's claims could be subject to equitable tolling. The district court's order dismissing the action adopted and approved the Magistrate Judge's Report and Recommendation which concluded that "it appears beyond doubt from the Complaint itself that Plaintiff cannot prove any set of facts that would avoid a statute of limitations bar." (Doc. 7 at 5).

We review de novo the district court's dismissal of a plaintiff's complaint for failure to satisfy the statute of limitations. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). We also review de novo whether a plaintiff is entitled to equitable tolling. *Id*.

Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the statute of limitations, the claims are properly dismissed pursuant to § 1915 as frivolous. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

2

Fish's complaint fails to show that the statute of limitations did not bar the action. And, Fish failed to meet his burden of showing that equitable tolling was warranted in this case. Equitable tolling is appropriate only when a plaintiff untimely files due to "*extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (internal quotations omitted) (emphasis in original). The circumstances here were neither beyond Fish's control nor unavoidable with diligence.

The district court did not err in dismissing this action as frivolous.

AFFIRMED.