[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-11115

Non-Argument Calendar

_____

PATRICK COMACK,

Plaintiff-Appellant,

*versus*

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 4:21-cv-10065-JEM

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Patrick Comack, proceeding *pro se*, appeals the district court's dismissal, without prejudice, of his *pro se* civil complaint arising from his still pending, underlying, social security proceedings involving his claim for supplemental security income (SSI). Comack asserts the district court erred in dismissing his complaint for failure to serve the Commissioner of the Social Security Administration (the Commissioner) and for failing to exhaust his administrative remedies.[1]   After review,[2] we affirm the district court.

## I.  FAILURE TO SERVE

Although we "give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quotation marks omitted).  To serve the United States, a party must deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is

---

[1] Comack also contends the district court erred in denying his motions (1) for default, (2) for preliminary injunction, and (3) to "unrestrict" his PACER access.  These motions were ultimately denied as moot once the district court dismissed Comack's complaint. Therefore, because we affirm the dismissal of Comack's complaint, we also affirm the denial of those motions as moot.

[2] We review *de novo* a district court's grant of a motion to dismiss for insufficient service of process.  *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). We also review *de novo* a dismissal for failure to exhaust administrative remedies.  *See Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).

brought, and send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C. Fed. R. Civ. P. 4(i)(1)(A)(i), (B).[3]  In addition, to serve a United States agency, such as the Social Security Administration (SSA), a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.  Fed. R. Civ. P. 4(i)(2).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  *Id.*  Under Rule 4, the court must allow a party reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2), if the party has either served the United

---

[3] We note the Federal Rules of Civil Procedure's Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) (Supplemental Rules) became effective on December 1, 2022.  Fed. R. Civ. P. SUPP SS Rule 1.  Supplemental Rule 3 addresses service and states "[t]he plaintiff need not serve a summons and complaint under Civil Rule 4," but rather, "[t]he court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed."  Fed. R. Civ. P. SUPP SS Rule 3.  Comack's argument the Supplemental Rules should apply is meritless because they became effective on December 1, 2022, and were not applicable at the time Comack filed his complaint in July 2021.  *See* Fed. R. Civ. P. SUPP SS Rule 1.

States Attorney or the Attorney General of the United States. Fed. R. Civ. P. 4(i)(4)(A).

The district court did not err in dismissing Comack's complaint for his failure to properly serve the Commissioner. *See Albra*, 490 F.3d at 829. Applying Rule 4, Comack had 90 days to complete service. Fed. R. Civ. P. 4(m). While Comack sent the summons and complaint to the agency, he did not timely serve the U.S. Attorney for the Southern District of Florida or the U.S. Attorney General, a fact that Comack conceded in both his motion for default judgment and his response to the Commissioner's motion to dismiss for insufficient process. Further, although Comack argues he should be allowed a reasonable time to cure defective service, his reliance on Rule 4(i) is misplaced, as under that rule, a court must allow a party reasonable time to cure its failure only if the party has either served the United States Attorney or the Attorney General of the United States. Fed. R. Civ. P. 4(i)(4)(A). Finally, to the extent that Comack argues he followed the instructions provided to him on the Commissioner's website, and that his failure should be excused because of his unfamiliarity with procedural rules, this argument is unpersuasive. Specifically, this Court requires *pro se* litigants to conform with procedural rules. *See Albra*, 490 F.3d at 829. Accordingly, we affirm the district court's dismissal for failure to serve.

## II.  FAILURE TO EXHAUST

### A.  Exhaustion

The final determination of the Commissioner after a hearing on SSI is subject to judicial review as provided in § 405(g).  42

U.S.C. § 1383(c)(3).  Section 405(g) provides, in relevant part, that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . ."  42 U.S.C. § 405(g).  "[U]nder this statute, a claimant must satisfy two jurisdictional prerequisites to obtain judicial review of an agency decision."  *Crayton v. Callahan*, 120 F.3d 1217, 1220 (11th Cir. 1997).  "First, the individual must have presented a claim for benefits to the Secretary.  Second, the claimant must have exhausted the administrative remedies."  *Id.* (emphasis and internal citation omitted).  The U.S. Supreme Court has explained that exhausting administrative remedies prevents:

> premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

The district court did not err in dismissing Comack's complaint because he failed to exhaust his administrative remedies. Comack had not yet received a final decision by the Commissioner, as his social security proceedings are still ongoing, meaning that he has not completed each step of the administrative review process. 42 U.S.C. § 405(g); *Crayton*, 120 F.3d at 1220.

B. *Waiver*

A "claimant must have completed each of the steps of the administrative review process unless exhaustion has been waived." *Crayton*, 120 F.3d at 1220. We have "applied a three-part test to determine whether waiver is applicable: (1) are the issues entirely collateral to the claim for benefits; (2) would failure to waive cause irreparable injury; and (3) would exhaustion be futile." *Id.* In *Mathews v. Eldridge*, when the claimant's disability benefits were terminated, he did not seek agency reconsideration, but rather brought an action in federal district court alleging the termination of benefits without a hearing violated his constitutional due process rights. 424 U.S. 319, 324-25 (1976). The Supreme Court held that judicial waiver of exhaustion was appropriate because he had challenged the constitutional validity of administrative procedures. *Id.* at 326-32. We later interpreted *Mathews* as holding that exhaustion may be excused only when the contested issue is constitutional, collateral to the consideration of the claimant's claim, and its resolution, therefore, falls outside the agency's authority. *Crayton*, 120 F.3d at 1222.

In *Bowen v. City of New York*, the Supreme Court determined the claimants stood "on a different footing from one arguing merely that an agency incorrectly applied its regulation," as the district court in that case had found "a systemwide, unrevealed policy that was inconsistent in critically important ways with established regulations." 476 U.S. 467, 485 (1986). The Court agreed with the district court that, because the illegal policy was being adhered to

by state agencies due to pressure from SSA, "exhaustion would have been futile" and "there was nothing to be gained from permitting the compilation of a detailed factual record, or from agency expertise." *Id.* However, the Supreme Court emphasized that its holdings excusing exhaustion in some cases do not suggest exhaustion should be excused "whenever a claimant alleges an irregularity in agency proceedings." *Id.*

Waiver of exhaustion is not applicable to Comack's case. *Crayton*, 120 F.3d at 1220. Comack's allegations of error stem directly from his claim for benefits. Unlike *Mathews*, where the claimant alleged the termination of his benefits without a hearing violated his due process rights, Comack's allegations specifically involve the behavior of the Miami Office, and the wage information considered by the two Administrative Law Judges, all of which falls with the SSA's agency authority. *Mathews*, 424 U.S. at 324-25. Unlike in *Bowen*, exhaustion would not be futile because Comack's continued pursuit of his claim at the administrative level could potentially result in a disability determination in his favor, especially given the fact the second Remand Order dealt with Comack's wage information specifically. *Bowen*, 476 U.S. at 485. Therefore, because Comack cannot meet two of the three parts of the test that we use to determine whether waiver is applicable, waiver of exhaustion is not applicable to his case.

## C. Other Avenues of Review

While Comack argues the district court had jurisdiction to consider his case pursuant to 28 U.S.C. §§ 1331 and 1367, this

argument is meritless. As to § 1331, the Social Security Act provides that no action against the Commissioner may be brought pursuant to § 1331. *See* 28 U.S.C. § 1331 (providing federal courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); 42 U.S.C. § 405(h) (proscribing bringing an action against the Commissioner under 28 U.S.C. § 1331 to recover on any claim arising under subsection II of the Social Security Act, which governs old-age, survivors, and disability insurance benefits); *see also Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007) (holding the remedies outlined in § 405 are the exclusive source of federal court jurisdiction over cases involving SSI). As to § 1367, this section provides for supplemental jurisdiction over additional claims in cases where there is already an independent basis for jurisdiction, and here, there is no basis for jurisdiction under either § 405(g) or (h). *See* 28 U.S.C. § 1367; 42 U.S.C. § 405(g), (h). Accordingly, we affirm the district court's dismissal for Comack's failure to exhaust administrative remedies.

**AFFIRMED.**