**Fred D. WAKEFIELD, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 96–2267.

United States Court of Appeals, Eleventh Circuit.

Dec. 19, 1997..

Jeffrey Scott Cashdan, King & Spaldin, Atlanta, GA, for Petitioner.

Fred D. Wakefield, Jacksonville, FL, pro se.

Arthur A. Arfa, Catherine C. Cook, Steven A. Bartholow, Railroad Retirement Board, Chicago, IL, for respondent.

Before EDMONDSON and HULL, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Petitioner Fred Wakefield ("Wakefield") seeks to have review of a decision of the Railroad Retirement Board ("Board"). The appeal is governed by the Railroad Unemployment Insurance Act ("RUIA"), and the notice of appeal was filed too late unless some event tolled the time. Because we conclude that no circumstances exist that permit a tolling of the filing period, we dismiss the appeal.

### Background

In 1985, an administrator for the Board determined that Wakefield had been overpaid unemployment benefits and was subject to a fraud-disqualification penalty because he had claimed benefits for days he actually had worked. The administrator claimed the total amount Wakefield owed was around $5,800.00 (which encompassed the penalty and overpayment). Wakefield's case was reconsidered and affirmed in 1993. Wakefield, proceeding pro se, appealed to the next level—review by a hearings officer.

After Wakefield failed to appear at two scheduled meetings with the Board's hearings officer, the officer affirmed the administrative determination that Wakefield had been overpaid unemployment benefits and was properly assessed a penalty. Wakefield was notified of this decision and was sent written instructions on judicial review of agency decisions. The instruction stated, among other things, that, if the Board affirmed the hearings officer's decision, then Wakefield had 90 days in which to appeal to a court.[1]

---

1. Wakefield was sent a two-page form—summarizing relevant provisions of the Railroad Retire-

Wakefield appealed the hearings officer's decision to the Board. On 18 August 1995, the Board issued a decision affirming the hearings officer's determination and notified Wakefield. The Board, however, did not include more information about the time limitations for filing an appeal. On 28 December 1995, more than 4 months later and 1 month after the time for filing an appeal had expired, Wakefield requested an extension of time (as authorized by statute) in which to appeal the Board's decision.[2] The statute requires that appeals be filed within 90 days, unless a discretionary extension is granted by the Board.

On 5 February 1996, the Board denied the requested extension on the ground that Wakefield received clear instructions on judicial review and that no reasons existed to justify an extension. One month later, the Board denied, on the same basis, another request by Wakefield for an extension of time. Wakefield appealed.

## Discussion

On appeal, Wakefield claims that the doctrine of equitable tolling should apply to allow him to file his appeal despite its being untimely. In *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S.Ct. 2022, 2030, 90 L.Ed.2d 462 (1986), the Supreme Court determined equitable tolling could be used to toll the limitations period for filing an appeal under the Social Security Act. The relevant provision in *Bowen*—very similar to the one at issue here—stated that review could be obtained "within sixty days after the mailing to him of notice of such decision or *within such further time as the Commissioner of Social Security may allow.*" 42 U.S.C.A.

§ 405(g) (emphasis added). The Court wrote that "cases may arise [under this kind of statute] where equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate."[3] *Bowen*, 476 U.S. at 479, 106 S.Ct. at 2030 (internal quotation omitted). But, in *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), the Supreme Court wrote these words:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

498 U.S. at 94–95, 111 S.Ct. at 457–58 (footnotes and citation omitted).

Here, Wakefield claims that tolling is justified for several reasons: (1) he was a pro se litigant who was unfamiliar with the legal process and was not provided—when the Board notified him of its affirmance—with additional information on the timing of an appeal; (2) the substantial delay in the processing of the entire matter demonstrates that the Board does not consider time to be of the essence; and (3) it would be fundamentally unfair to allow the Board's delay in handling its business to be excused while Wakefield is penalized for missing the filing deadline by a month.

ment Act—along with the hearings officer's decision. On page two, the form set out these words:

H. JUDICIAL REVIEW
...
(2) Under the Railroad Unemployment Insurance Act, if the Board affirms the denial of an individual's claim, a further appeal may be taken to the federal court within ninety days after the date the Board's decision is mailed to him or her....

2. Section 5(f) of the RUIA states:
Any claimant ... may, only after all administrative remedies within the Board will have been availed of and exhausted, obtain a review

of any final decision of the Board by filing a petition for review within *ninety days* after the mailing of notice of such decision to the claimant or other party, *or within such further time as the Board may allow*, in the United States court of appeals....

45 U.S.C.A. § 355(f) (emphasis added).

3. The Court went on to conclude that the equities favored tolling because the government's secretive conduct prevented the plaintiffs from bringing their action in a timely manner. *Bowen*, 476 U.S. at 479, 106 S.Ct. at 2030.

■ Despite Wakefield's arguments, we conclude that none of these factors supports tolling the filing period for Wakefield's appeal. First, consistent with Wakefield's pro se status, he was, in fact, given written notice of the relevant procedural requirements (although the notice was given before the Board had affirmed the hearings officer's decision). Nothing requires that a pro se litigant be provided repeatedly with procedural information at each stage of his case. Ignorance of the law usually is not a factor that can warrant equitable tolling. *See Gatewood v. Railroad Retirement Bd.,* 88 F.3d 886, 890 (10th Cir.1996). And, we see no reason to depart from the usual rule where Wakefield—at least on one occasion—was provided with accurate, written information regarding the procedures for filing his appeal.[4]

■ Second, that time may not be of the essence to one party—for example, that the party would not be prejudiced by allowing the appeal—does not justify tolling an explicit limitations period. *See, e.g., Raziano v. United States,* 999 F.2d 1539, 1542 (11th Cir.1993) (stating that absence of prejudice is no independent basis for equitable tolling). Time is of the essence because the statute makes it such; a claimant must file an appeal within 90 days. Wakefield has cited no authority to support the claim that tolling is permitted simply because time is not of the essence to the Board. And, we are not inclined to take such a position.

■ Third, we do not agree with Wakefield's fundamental fairness argument[5]—that Wakefield should not be held to strict compliance with the filing deadline when the Board's processes took many years. We do not know that the passage of years means that the Board acted unduly slowly. But, even if the Board's processes are too slow and involve too much delay, one wrong does not justify another. In addition, while not determinative, we note that Wakefield contributed to some of the delay that occurred before the Board ruled on his case.

Thus, based on the facts before us, we conclude that Wakefield is entitled to no equitable tolling of the limitations period for his appeal. We allow no extension of time for filing; and we dismiss the appeal.

APPEAL DISMISSED.

---

4. Wakefield also claims that the written instructions about appeal were insufficient because they were discussed in the "fine print" of the form sent along with the hearings officer's decision. We do not agree. The print on the form is small (roughly the size of print in a pocket part of the U.S.C.A.), but the section about judicial review is no smaller than any other section on the form. Also, the section is clearly labeled as pertaining to judicial review. With an investment of reasonable effort, the form is capable of being read.

In addition, Wakefield's claim that the Board could have provided more information to Wakefield is an argument without limit. While it is possible that the Board could have done more to keep Wakefield informed, no requirement exists for it to do so. The Board's provision—on one occasion—of written information about judicial review is sufficient to undercut the tolling arguments.

That the instruction form does not say that Wakefield is entitled to request an extension of time is not important. The period for filing an appeal was clearly stated; Wakefield did not act until well beyond that period had expired. That Wakefield would have acted more timely had he been aware that an extension of time could be requested is speculation.

5. Wakefield says that the delay was so long as to amount to a violation of constitutional due process.