[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10935
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-03137-AT

BONITA HUNT,

Plaintiff-Appellant,

versus

GEORGIA DEPARTMENT OF COMMUNITY AFFAIRS,
LARUTH HOLLOWAY,
SABRA LEBLANC,
GEOFFREY PARKER,
JIM BALINGER,
MICHAEL TIMMS, for the Georgia Department of
Community Affairs, in their official and individual capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 18, 2012)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Bonita Hunt pro se appeals the district court's dismissal of her complaint asserting claims against the Defendant-Appellee Georgia Department of Community Affairs ("GDCA") under the Fair Housing Act ("FHA"), the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act.[1]  The district court dismissed Hunt's ADA and Rehabilitation Act claims as barred by the two-year statute of limitations and dismissed her FHA claim as barred by the Eleventh Amendment.  After review, we affirm.[2]

## I.  BACKGROUND

From 2004 to 2007, Hunt received a federal housing subsidy administered by Defendant GDCA.  According to Plaintiff Hunt's pro se complaint, filed on October 20, 2009, Defendant GDCA discriminated against her and her children

---

[1]On appeal, Hunt does not challenge the district court's dismissal of her claims against the individual defendants. Consequently, those claims are deemed abandoned. See Bingham v. Thomas, 654 F.3d 1171, 1174 n.1 (11th Cir. 2011).

[2]We review de novo a district court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010).  In addition, we liberally construe pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  To avoid dismissal under Rule 12(b)(6), the facts alleged in the complaint must state a claim for relief "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1949-50, (2009).  When considering a Rule 12(b)(6) motion, the court is limited to the pleadings and attached exhibits. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000); see Fed. R. Civ. P. 10(c).

based on their race, their familial status and her son's disabilities by: (1) forcing them to remain in substandard housing that was infested by mold and rats and smelled of raw sewage until Hunt's lease expired on November 30, 2005; (2) refusing to give approval in May 2007 so that a live-in aide for Hunt's son could reside in Hunt's subsidized home; and (3) retaliating against Hunt, for her complaints, by making false allegations of fraud against her in a June 14, 2007 administrative hearing with the U.S. Department of Housing and Urban Development ("HUD").

## II.  DISCUSSION

Title II of the ADA and the Rehabilitation Act do not contain independent statutes of limitation and thus are governed by the most analogous state statute of limitations, here Georgia's two-year statute of limitations for personal injury actions in O.C.G.A. § 9-3-33.  Everett v. Cobb Cnty. Sch. Dist., 138 F.3d 1407, 1409-10 (11th Cir. 1998).  On appeal, Hunt does not dispute that the last act of alleged discrimination occurred in May 2007 and that she filed her federal complaint in October 2009, more than two years later.  Instead, Hunt argues that her complaint was nonetheless timely because she is entitled to either statutory

tolling under the FHA or equitable tolling.  We disagree.[3]

Although the FHA contains a statutory tolling provision, see 42 U.S.C. § 3613(a)(1)(B), Hunt cites no authority for her contention that it extends to claims raised under the ADA or the Rehabilitation Act.  Further, nothing in the FHA purports to toll the running of the limitations period for a claim under the ADA or the Rehabilitation Act.  Rather, the FHA's tolling provision expressly limits its reach to administrative proceedings concerning discriminatory housing practices made unlawful by the Act itself.  See 42 U.S.C. § 3602(f) (defining a "discriminatory housing practice" as "an act that is unlawful under" four specified provisions of the FHA), § 3613(a)(1)(A), (B) (authorizing an aggrieved person to commence a civil action "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice" and tolling the two-year period while "an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice").  Moreover, since the source of the limitation for FHA claims is distinct from that governing ADA and Rehabilitation Act claims,

---

[3]We review de novo a district court's application of a statute of limitation and its determination whether equitable tolling applies. McCullough v. United States, 607 F.3d 1355, 1358 (11th Cir. 2010); Bhd. of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment CSX Transp. N. Lines v. CSX Transp., Inc., 522 F.3d 1190, 1194 (11th Cir. 2008). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." CSX Transp., 522 F.3d at 1194 (quotation marks omitted).

4

we see no reason to conclude that the FHA's express tolling provision should apply to an ADA or a Rehabilitation Act claim.

Hunt alternatively argues that the limitations period for her ADA and Rehabilitation Act claims was equitably tolled during the administrative proceedings because HUD led her to believe that it had jurisdiction of those claims and that the FHA's statutory tolling provision applied to them. "The doctrine of equitable tolling allows a court to toll the statute of limitations until such a time that the court determines would have been fair for the statute of limitations to begin running on the plaintiff's claims." Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006). Because equitable tolling is an extraordinary remedy to be applied sparingly, it is appropriate only when a plaintiff untimely files due to extraordinary circumstances that are both beyond her control and unavoidable even with diligence. Id. Equitable tolling typically requires some affirmative misconduct, such as fraud, misinformation or deliberate concealment. Jackson v. Astrue, 506 F.3d 1349, 1355-56 (11th Cir. 2007). "[I]gnorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test." Id. at 1356. Accordingly, we have previously rejected the contention that pro se status, ignorance of the judicial process or slow administrative proceedings warrant application of equitable tolling. See Wakefield v. R.R. Ret. Bd., 131 F.3d 967,

5

969-70 (11th Cir. 1997).

Here, the district court did not err in concluding that Hunt failed to show extraordinary circumstances justifying equitable tolling. Contrary to Hunt's suggestion, nothing in the pleadings indicate HUD misled her into allowing the statute of limitations for her ADA and Rehabilitation Act claims to expire. Although HUD informed Hunt that it had jurisdiction to enforce administratively the ADA and Rehabilitation Act claims in addition to the FHA claim, its statements regarding the limitations period and tolling during the administrative process were specific to those claims raised under the FHA. Specifically, in its September 11, 2009 letter to Hunt, HUD merely indicated that claims under the FHA for discriminatory housing practices were governed by a two-year statute of limitations and that the two-year period governing such claims did not include the time during which administrative proceedings were pending. HUD's letter was silent as to the limitations period governing claims under the ADA or the Rehabilitation Act and in no way suggested that the statute of limitations for those claims was also tolled during the administrative proceedings.

Furthermore, the FHA explicitly states that an aggrieved person may commence a civil action for discriminatory housing practices regardless of whether an administrative complaint has been filed and without regard to the

6

status of such a complaint.  See 42 U.S.C. § 3613(a)(2).  Thus, HUD's investigation into Hunt's complaint, even if delayed, did not prevent her from timely pursuing even her FHA claim, much less her ADA and Rehabilitation Act claims, in federal court.  The fact that Hunt may have been ignorant of the relevant law, including her right to forgo the administrative process, does not constitute the type of extraordinary circumstances needed to justify equitable tolling.  Accordingly, the district court did not err in dismissing Hunt's ADA and Rehabilitation Act claims against GDCA as barred by the statute of limitations.

Hunt's appellate brief asserts in one sentence that the district court erred in dismissing her FHA claim as barred by the Eleventh Amendment because the GDCA waived immunity by receiving federal funds.  Hunt does not cite to any statute or authority to support her contention or provide any legal analysis of this waiver issue.  While we read briefs filed by pro se litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned.  Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).  "On appeal, we require appellants to not only state their contentions to us, but also to give 'the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'"  Doe v. Moore, 410 F.3d 1337, 1349 n.10 (11th Cir. 2005) (quoting Federal Rule of Appellate Procedure 28(a)(9)(A)).  Hunt's bald assertion, without any substantive

legal argument, does not adequately preserve this issue for appellate review.

For all these reasons, we affirm the district court's dismissal of Hunt's complaint.  Hunt's motion for oral argument is denied.

**AFFIRMED.**