[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14050
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-01116-TCB

DAVID W. RICE,

Plaintiff-Appellant,

versus

SIXTEEN UNKNOWN FEDERAL AGENTS,

Defendant,

OFFICER HART,
OFFICER PERRY,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 30, 2016)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


David Rice, a pro se federal prisoner, appeals the district court's dismissal of his complaint against Department of Homeland Security Agent Westall, and Henry County Police Officers Hart, Perry, Maddox and Darnell: a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[*]  Rice brought his complaint against Defendant Officers -- alleged members of a United States Department of Homeland Security Task Force -- pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 91 S. Ct. 1999 (1971).  Briefly stated, this appeal arises mainly out of events surrounding the execution of a search warrant on Rice's home.  No reversible error has been shown; we affirm.

Rice's complaint names as defendants "Sixteen Unknown Federal Agents" and alleges no facts against a single named officer.  The district court, however (based on exhibits attached to Rice's complaint and on Rice's supplemental

---

[*] On appeal, Rice raises no challenge to the district court's dismissal of Henry County Police Officers Godfrey, Green, Militello, Ramsey, and Spradlin for failure to state a claim.  Rice also raises no challenge to the dismissal of his claims against Officers Hart and Perry for excessive force, false arrest/imprisonment, and assault and battery, based on Rice's failure to comply with court orders.  These claims are abandoned.  See Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1318 (11th Cir. 2012).  Rice has also failed to challenge the district court's denial of his motion to amend his complaint, in which Rice sought (among other things) to add as a defendant Assistant United States Attorney Steinberg, and to add a claim against Agent Westall for fraud on the court.  Rice has thus abandoned these claims, and he has abandoned arguments based on factual allegations included in his proposed amended complaint.  See id.

2

pleadings), construed liberally Rice's complaint as purporting to assert, in pertinent part, (1) claims against Officers Perry, Hart, Darnell and Maddox for conspiracy to deprive Rice of his constitutional rights; and (2) claims against Agent Westall for excessive force, false arrest/imprisonment, and for unlawful search and seizure.

We review de novo a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6), "accept[ing] the facts of the complaint as true and view[ing] them in the light most favorable to the nonmoving party." Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004). Although we construe liberally pro se pleadings, pro se litigants must still conform to procedural rules. Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A complaint containing only "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quotations and alterations omitted).

3

In Bivens, the Supreme Court recognized an implied cause of action for damages against federal officials based on the violation of a federal constitutional right. Id. at 1947.

First, Rice has failed to state a plausible claim for relief against Officers Perry, Hart, Darnell and Maddox for conspiracy to deprive Rice of his constitutional rights. To establish a prima facie case of conspiracy, Rice must show, among other things, that Defendant Officers "reached an understanding to violate [his] rights." See Rowe v. City of Ft. Lauderdale, 279 F.3d 1271, 1283 (11th Cir. 2002). Because Rice fails to allege facts demonstrating plausibly the existence of an agreement or understanding between Defendant Officers, he has failed to state a prima facie case of conspiracy. See id.; Iqbal, 129 S. Ct. at 1949.

Rice has also failed to state claims for relief against Agent Westall for use of excessive force or for false imprisonment/arrest: claims based on Agent Westall's alleged failure to supervise properly members of the Task Force. We apply an "extremely rigorous" standard in determining when a supervisor may be held liable under Bivens for unconstitutional acts of a subordinate. Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). First, supervisory officials may not be held liable for acts of their subordinates based merely on a theory of respondeat superior or vicarious liability. Id.

4

Supervisors may, however, be held liable "either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation." Id. To demonstrate a causal connection, a plaintiff must show either that (1) the supervisor was put on notice, by a history of widespread abuse, of the need to correct the alleged deprivation, but failed to do so; (2) the supervisor's policy or custom resulted in deliberate indifference; (3) the supervisor directed subordinates to act unlawfully; or (4) the supervisor knew that subordinates would act unlawfully and failed to intervene. Id.

Rice alleges no facts showing that Agent Westall participated personally in the alleged use of force or in Rice's resulting arrest and imprisonment. Rice also alleges no facts establishing plausibly a causal connection between Agent Westall's conduct and the alleged unconstitutional acts of Agent Westall's subordinates. See id. The district court committed no error in dismissing Rice's claims against Agent Westall for excessive use of force and for false imprisonment/arrest.

Rice next challenges the district court's dismissal, as time-barred, of his unlawful search and seizure claim against Agent Westall. Bivens claims are governed by Georgia's two-year statute of limitations for personal injury actions. Kelly v. Serna, 87 F.3d 1235, 1238 (11th Cir. 1996). And a Bivens cause of action

5

accrues -- and the statute of limitations begins to run -- when a plaintiff knows or has reason to know (1) of his injury and (2) who has inflicted it.  See Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003) (in the context of 42 U.S.C. § 1983); Kelly, 87 F.3d at 1238 ("courts general apply § 1983 law to Bivens cases").

Rice's unlawful search and seizure claim against Agent Westall arises from Agent Westall's June 2012 search of Rice's workplace and seizure of Rice's work computer.  On appeal, Rice says that he in fact knew that Agent Westall had seized his work computer, and Rice fails to challenge the district court's finding that Rice learned about the seizure "on or soon after it occurred" in June 2012.  Yet Rice first asserted a claim against Agent Westall in October 2014: more than two years after Rice's claim accrued and the statute of limitations began to run.  Neither Rice's ignorance of the law nor his pro se status constitute "extraordinary circumstances" sufficient to toll the running of the statute of limitations.  See Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007); Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969-70 (11th Cir. 1997).  The district court thus dismissed properly Rice's claim as barred by the statute of limitations.

AFFIRMED.