# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 16-1523

———————————————

Patrick Ryan Bray

*Plaintiff - Appellant*

v.

Bank of America

*Defendant - Appellee*

——————————

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

——————————

Submitted: October 25, 2016
Filed: October 26, 2016
[Unpublished]

——————————

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.

——————————

PER CURIAM.

Patrick Bray appeals the district court's[1] order dismissing his claim under 12 U.S.C. § 1972, the Bank Holding Company Act. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

———————————

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

Bray asserted violations of anti-tying provisions of the BHCA, which the district court properly dismissed for lack of standing because Bray failed to allege sufficiently that his injury was caused by a violation of the Act. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.,* 134 S. Ct. 1377, 1386-90 (2014) (to determine standing, court first determines whether plaintiff has established requirements of constitutional standing; and if so then examines whether statutory standing exists by determining if plaintiff's allegations establish that his interests were within the zone of interests protected by the law invoked, and that his injuries were proximately caused by violations of the statute); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to establish Article III standing, plaintiff must allege, inter alia, that injury is causally connected to defendant's allegedly illegal conduct and not to independent action of some third party not before court); *Wieland v. U.S. Dep't Health & Human Servs.*, 793 F.3d 949, 953-54 (8th Cir. 2015) (appellate court reviews district court's dismissal for lack of standing de novo, accepting as true all factual allegations in complaint and drawing reasonable inferences in favor of nonmoving party; standing exists only if plaintiff suffered injury as result of defendant's putatively illegal conduct).

The judgment is affirmed. *See* 8th Cir. R. 47B.

_____