[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15663
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-00075-MSS-AAS

PATRICK RYAN BRAY,

Plaintiff - Appellant,

versus

BANK OF AMERICA, N.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 22, 2019)

Before JILL PRYOR, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Patrick Bray, proceeding pro se,[1] appeals the district court's dismissal of his amended complaint against Bank of America, N.A. ("Bank of America").  The district court determined that Bray's claim for violation of the Bank Holding Company Act ("BHCA"), 12 U.S.C. § 1972, was untimely filed and that equitable tolling was unwarranted.[2]  No reversible error has been shown; we affirm.

Bray worked as an independent financial advisor for InteliSpend Prepaid Solutions ("InteliSpend") between 2004 and 2011.  Bank of America was the lead lender for a syndicated line of credit extended to InteliSpend's parent company, Maritz Holdings, Inc. ("Maritz").  In late 2009, Maritz sought to acquire outstanding minority shares in InteliSpend.  Bray claims that Bank of America forced Maritz to move some of the monies held by InteliSpend (and managed by Bray) to Bank of America's subsidiary (Merrill Lynch) as collateral for the new loan.  Bray alleges that Bank of America's demand amounted to a "tying arrangement" in violation of the BHCA.  Bray says he was also forced to begin working for Merrill Lynch in March 2010 so he could continue to manage

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] The district court also concluded that Bray's claim for slander was both untimely filed and barred by res judicata.  On appeal, Bray raises no challenge to the district court's dismissal of his slander claim.

2

InteliSpend's accounts.  But for the illegal tying arrangement, Bray says he would have retained InteliSpend as a client.

Bray filed this civil action against Bank of America in December 2016.  On appeal, Bray concedes that his complaint was filed outside the four-year statute of limitations applicable to claims filed under the BHCA.  Bray argues, however, that the limitations period should have been equitably tolled.

We review de novo the legal question of whether equitable tolling is warranted.  Justice v. United States, 6 F.3d 1474, 1478 (11th Cir. 1993).  We review the district court's findings of fact for clear error.  Id.

Equitable tolling "is an extraordinary remedy which should be extended only sparingly."  Id. at 1479.  Equitable tolling is warranted only "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."  Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006) (emphasis in original).  We have said that equitable tolling typically requires some kind of affirmative misconduct on the part of the defendant -- such as fraud, misinformation, or deliberate concealment -- and that the plaintiff's "ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test."  Jackson v. Astrue, 506 F.3d 1349, 1356 (11th Cir. 2007).  We have also rejected that a party's pro se status, ignorance of the judicial process, or delays in the proceedings warrant the application of equitable

3

tolling. Wakefield v. R.R. Ret. Bd., 131 F.3d 967, 969-70 (11th Cir. 1997). "Though his dereliction be only incidental, a generally diligent plaintiff who files late because of his own negligence typically may not invoke equity to avoid the statute of limitations." Justice, 6 F.3d at 1479-80.

The civil action underlying this appeal is the fourth legal proceeding arising out of the same set of operative facts.[3] Pertinent to this appeal, Bray filed an earlier civil action against Bank of America ("Bray II") in February 2012, in which he asserted the same violation of the BHCA's anti-tying provisions that Bray has alleged in this case. The complaint in Bray II was dismissed ultimately for lack of Article III standing after the district court determined that Bray had failed to allege plausibly a causal connection between his alleged injury and Bank of America's complained-of conduct. The Eighth Circuit affirmed the dismissal in October 2016. Bray v. Bank of Am., 669 F. App'x 821 (8th Cir. 2016).

On appeal, Bray argues that equitable tolling is warranted here because he pursued diligently his BHCA claim by filing Bray II within the pertinent statute of limitations. Bray concedes that his complaint in Bray II was defective but contends it was "impossible" for him to know that the complaint was flawed until after the district court ruled that standing was lacking.

---

[3] The entire procedural background of this case is described more fully in the district court's decision. We discuss only the aspects of the procedural history that pertain to our decision on appeal.

Bray's own failure to allege facts sufficient to establish standing in Bray II constitutes no "extraordinary circumstance" warranting equitable relief.  Neither Bray's pro se status nor his ignorance of the law, by itself, provides a basis for equitable tolling.  See Jackson, 506 F.3d at 1356; Wakefield, 131 F.3d at 969-70.  And nothing evidences that Bank of America engaged in intentional misconduct blocking a timely filing or that Bray was otherwise misled by the district court in Bray II.  Cf. Jackson, 506 F.3d at 1356-57 (noting that -- even absent evidence of deliberate misconduct -- equitable tolling may be appropriate where a party was "misinformed by a court's misleading actions or instructions.").

We also reject Bray's contention that his untimely filing should be excused because he was denied the opportunity to amend his complaint in Bray II.  The record demonstrates that Bray filed a motion to amend his complaint in Bray II.  That motion, however, was denied because Bray's proposed amendments addressed only the merits of his BHCA claim and were "irrelevant to the threshold question of standing."

Bray also contends that equitable tolling is appropriate given the time involved in resolving Bray II.  Although the outcome in Bray II became final more than three years after Bray filed his complaint there, nothing evidences that the proceedings were unduly delayed such that equitable tolling would be warranted.

5

Cf. Wakefield, 131 F.3d at 970 (rejecting an argument that delays in the administrative process justified application of equitable tolling).

Bray has failed to demonstrate that his untimely filing in this case was the result of extraordinary circumstances that were both out of his control and unavoidable through diligence.  Tolling is not favored; finality and predictability are.  Under the circumstances of this case, the "extraordinary remedy" of equitable tolling is unwarranted.

Bray also suggests that -- because both civil actions arise from the same set of operative facts -- his complaint in this case should "relate back" to the filing date of his complaint in Bray II.  Bray acknowledges, however, that his argument is foreclosed by this Court's binding precedent.  We have said that "[d]ismissal of a complaint, without prejudice, does not allow a later complaint to be filed outside the statute of limitations."  Foudy v. Indian River Cnty. Sheriff's Office, 845 F.3d 1117, 1125-26 (11th Cir. 2017); Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004).

AFFIRMED.