[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-14486

Non-Argument Calendar

————————————————

BALDWIN MAYNARD BROWN,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A201-581-587

————————————————

Before LUCK, ANDERSON, and HULL, Circuit Judges.

PER CURIAM:

Baldwin Maynard Brown, proceeding *pro se*, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying his motion to reopen his removal proceedings. After review, we deny in part and dismiss in part Brown's petition.

## I.    IMMIGRATION PROCEEDINGS

### A.    Underlying Removal Proceedings

In November 2013, Brown, a native and citizen of Jamaica, entered the United States on a six-month tourist visa. In January 2020, Brown was served with a notice to appear, which charged him with removability under the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), for overstaying his visa.

In March 2020, Brown applied for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). Brown claimed that he had experienced persecution as a member of a particular social group—his family. Brown also asserted that: (1) he was poisoned and abused in Jamaica; and (2) he had been a permanent resident in Canada but was prevented from returning to Canada by unknown individuals.

At the March 25, 2020 merits hearing, Brown testified that: (1) he could not return to Canada because he was "tortured," and gases were pumped into his room; and (2) his family members in

Jamaica had abused and poisoned him. At the end of the March 25, 2020 hearing, the IJ denied Brown's asylum application.

Brown appealed to the BIA, asserting in his brief to the BIA that his sister had connections in the Jamaican government. On January 28, 2021, the BIA affirmed the IJ's decision and dismissed his appeal. In February 2021, Brown filed a motion to reconsider with the BIA, which denied Brown's motion on May 27, 2021.

## B.    July 2021 Motion to Reopen with the Immigration Court

In July 2021, Brown filed a motion to reopen with the immigration court. Brown asserted that he had obtained documents corroborating his statements about the harms that he had suffered in Canada and his sister's links to the Jamaican government.

In August 2021, the IJ denied Brown's motion to reopen. The IJ determined that: (1) Brown's motion to reopen was untimely; (2) the IJ lacked jurisdiction to consider Brown's motion because the BIA, not the IJ, had issued the last decision in his case; (3) Brown's motion did not contain new arguments that were not previously raised in his removal proceedings; and (4) the evidence Brown attached to his motion did not show his harm was, or would be, on account of a statutorily protected ground. The IJ found that *sua sponte* reopening was unwarranted because Brown had not demonstrated a "truly exceptional situation."

### C.    September 2021 Motion to Reopen with the BIA

On September 2, 2021, Brown filed with the BIA a "motion to accept late-filed motion to reopen." In this motion, Brown asserted that: (1) he mistakenly filed his motion to reopen with the immigration court instead of the BIA, (2) he was unable to correct this mistake because he was held in quarantine from August 10 through August 26, 2021, and (3) he was unable to access the internet or a phone during that time. Brown attached a letter from a homeless shelter stating that he was a resident and was in quarantine from August 10 through August 26, at which time he tested negative for COVID-19.

That same day, Brown filed a motion to reopen. Brown's motion stated that he had obtained new evidence regarding the harms he suffered and his sister's connections to the Jamaican government.

In support of his motion to reopen, Brown submitted several exhibits, which included, *inter alia*: (1) medical records that purportedly showed the injuries he suffered due to persecution by Canadians; (2) documents dated from 2012 to 2015 showing that his sister has held positions in the Jamaican government; and (3) photographs of his home into which gases were allegedly pumped. None of this evidence addressed materially changed country conditions in Jamaica or Canada following Brown's March 2020 merits hearing.

The BIA denied the motion to reopen. The BIA concluded that his motion was untimely, as his motion was not filed within 90 days of the BIA's final administrative order. It determined that Brown had not shown that his motion fell within any exception to the time limitations or that equitable tolling of the deadline was warranted.

Next, the BIA concluded that *sua sponte* reopening was not appropriate. It observed that Brown's claims were not supported by objective evidence showing that he would be eligible for any form of relief from removal, and that he had "received a full and fair hearing on his claims."

## II.   DISCUSSION

### A.   General Legal Principles

A nonimmigrant's motion to reopen removal proceedings must "state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." INA § 240(c)(7)(A), (B), 8 U.S.C. § 1229a(c)(7)(A), (B).

Generally, a motion to reopen immigration proceedings must be filed within 90 days of the date of entry of a final administrative order of removal.[1] INA § 240(c)(7)(A), (C), 8 U.S.C.

---

[1] We review the denial of a motion to reopen a removal order for an abuse of discretion, and our review is limited to determining whether the BIA's exercise of discretion was arbitrary and capricious. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018).

§ 1229a(c)(7)(A), (C).    That 90-day deadline does not apply, however, to motions that seek asylum or withholding of removal based on changed country conditions in the noncitizen's country of removal, "if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding."  INA § 240(c)(7)(c)(ii), 8 U.S.C. § 1229a(c)(7)(C)(ii).

Further, the 90-day requirement for filing a motion to reopen is subject to equitable tolling. *Butka v. U.S. Att'y Gen.*, 827 F.3d 1278, 1283 (11th Cir. 2016).  Equitable tolling "requires a showing that the litigant (1) has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 872 (11th Cir. 2018) (quotation marks and ellipsis omitted).  "Ignorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. R.R. Retirement Bd.*, 131 F.3d 967, 970 (11th Cir. 1997); *see also Cadet v. Fla. Dep't of Corr.*, 853 F.3d 1216, 1221–22 (11th Cir. 2017) (observing that an attorney's mistake in calculating a limitations period did not justify equitable tolling).

The BIA also may *sua sponte* grant a motion to reopen at any time if it finds that exceptional circumstances warrant reopening. *Butka*, 827 F.3d at 1283; 8 C.F.R. § 1003.2(a).  However, the decision to reopen *sua sponte* is "committed to agency

21-14486                 Opinion of the Court                          7

discretion by law," and we lack jurisdiction to review it.  *Lenis v. U.S. Att'y Gen.*, 525 F.3d 1291, 1294 (11th Cir. 2008).[2]

To determine whether the agency displays reasoned consideration, this Court "look[s] only to ensure that the IJ and the BIA considered the issues raised and announced their decisions in terms sufficient to enable review."  *Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1302 (11th Cir. 2015).  Although the IJ and the BIA must consider all of the evidence submitted, a decision that omits the discussion of certain pieces of evidence can nonetheless display reasoned consideration.  *Id.*[3]

## B.    Brown's Petition

The BIA did not abuse its discretion in denying Brown's motion to reopen as untimely.  The 90-day period to file his motion to reopen began on January 28, 2021, when the BIA issued its final administrative removal order.  *See* INA § 240(c)(7)(C), 8 U.S.C. § 1229a(c)(7)(C).  Consequently, Brown's September 2021 motion to reopen (and even his July 2021 motion filed incorrectly with the immigration court) was filed several months after the 90-day deadline expired on April 28, 2021.

---

[2] This Court reviews de novo its subject matter jurisdiction over a petition for review.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).

[3] This Court reviews de novo legal issues, such as whether the agency failed to give reasoned consideration to an issue.  *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

8                    Opinion of the Court                    21-14486

Brown argues that he is entitled to equitable tolling of the 90-day deadline because (1) he misfiled the motion to reopen in the immigration court on July 27, 2021, and once he discovered his error, he could not correct it because he was quarantined due to a COVID-19 exposure and (2) he assumed the 90-day deadline ran from the date the BIA denied his motion for reconsideration. We disagree. First, Brown's time in quarantine from August 10 through August 26, 2021, did not prevent him from timely filing his motion to reopen because that motion was already several months late by August 10, 2021. Second, Brown's mistaken belief about when he needed to file his motion to reopen does not support a claim of equitable tolling. *See Wakefield*, 131 F.3d at 970; *Cadet*, 853 F.3d at 1221–22.

We also reject Brown's contention that the BIA ignored his evidence submitted with his motion to reopen. To the extent Brown's argument relates to the BIA's decision declining to reopen his immigration proceedings pursuant to its *sua sponte* authority, we lack jurisdiction to review this argument. *See Lenis*, 525 F.3d at 1294.[4] In any event, this argument lacks merit. The BIA was not

---

[4] Brown's December 27, 2021 petition for review in this Court is timely only as to the BIA's December 15, 2021 denial of his motion to reopen. Therefore, to the extent Brown's petition claims legal error in the IJ's initial March 25, 2020 denial of his application for relief from removal, the BIA's January 28, 2021 dismissal of his appeal from that denial, and the BIA's May 27, 2021 denial of his motion to reconsider, we lack jurisdiction to review these claims. *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (requiring the petition for review to be filed within thirty days after the date of the final order of removal); *Dakane v.*

required to expressly address each piece of Brown's evidence in its decision, especially when none of this evidence addressed the timeliness of Brown's motion to reopen or materially changed country conditions in Jamaica or Canada. Indeed, much of Brown's evidence concerned harms that he allegedly suffered when he was living in the United States. Under these circumstances, we are satisfied that the BIA gave reasoned consideration to Brown's motion and attached evidence and announced its decision sufficiently for meaningful appellate review. *See Indrawati*, 779 F.3d at 1302.

For all these reasons, we dismiss Brown's petition for lack of jurisdiction to the extent he claims the BIA abused its discretion in declining to *sua sponte* reopen his immigration proceedings. We deny his petition to the extent he claims the BIA committed legal error in denying his September 2021 motion to reopen.

**PETITION DENIED IN PART AND DISMISSED IN PART**.

---

*U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (concluding that the statutory period for filing a petition for review is mandatory and jurisdictional and is not tolled by the filing of a motion to reopen or reconsider); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350–51 (11th Cir. 2005) (observing that the finality of a removal order is unaffected by the filing of a motion for reconsideration).