[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13116

Non-Argument Calendar

_____

DANNY FOSTER, SR.,

Plaintiff-Appellant,

*versus*

WILLIAM GUILLOU,
Det., individual and official capacity,
SEAN SANDLER,
DUSM, individual and official capacity,
JOHN HAMILTON,
U.S. Marshal, individual and official capacity,
ADAM MILTON,
Chief of Police, individual and official capacity,
JEREMY DUERR,

District Attorney, individual and official capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:22-cv-00069-MHT-KFP

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Danny Foster, Sr., proceeding pro se, appeals the district court's dismissal of his § 1983 and *Bivens* claims. Because the district court did not err in dismissing these claims for failure to state a claim, we affirm.

## I.

Foster's appeal arises from his arrest in February 2013. Foster was arrested for escaping jail, where he was serving a sentence for a prior conviction. Foster alleges that, in connection with his 2013 arrest, officers arrested him and searched his cell phone, truck, and person, all without a warrant or his consent. After his 2013 arrest, Foster was immediately ordered to start serving his initial sentence. He was sentenced again for murder in November 2017. According to Foster, he wrote the circuit clerk

five times a month for ten years requesting a copy of the warrant for his 2013 arrest, searches, and subsequent imprisonment. Foster claims he did not receive a response until October 2020, when he learned that there was never a warrant.

In February 2022, Foster brought claims against the officials involved with his arrest and sentencing, Detective William Guillou, Deputy U.S. Marshal Sean Sandler, U.S. Marshal John Hamilton, Chief of Police Adam Milton, District Attorney Jeremy Duerr, Circuit Judge Tom F. Young, Investigator Marvin Crayton, Lieutenant Mike Knowles, Circuit Clerk Chris May, Berry Golden, Sheriff David Cofield, District Attorney Amy Newsome, and five unknown federal agents. The magistrate judge construed Foster's amended complaint as bringing the following claims under § 1983 and Bivens[1]: false arrest, unlawful imprisonment, and illegal searches of his person, truck, and cell phone, all in violation of the Fourth Amendment; a First Amendment violation for denial of media access; and conspiracy to violate his constitutional rights.[2] The magistrate judge found that Foster's claims of false arrest, illegal search, and unlawful imprisonment were untimely given that they were brought after the statute of limitations period. She also found that his First Amendment claim was meritless and that

[1] This claim originates from Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

[2] Foster also brought a malicious prosecution claim that was dismissed by the district court. Foster did not challenge this finding and stated that he never intended to bring this claim. Thus, it will not be reviewed on appeal. See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1335 (11th Cir. 2004).

his conspiracy allegations were vague and conclusory.  The district court agreed and dismissed Foster's claims for failure to state a claim.  Foster appeals the dismissal order.[3]

## II.

We review de novo a district court's sua sponte dismissal for failure to state a claim and failure to satisfy the statute of limitations.  *Karantsalis v. City of Miami Springs*, 17 F.4th 1316, 1319 (11th Cir. 2021).   A complaint fails to state a claim if, after disregarding any conclusory allegations, no factual allegations remain that "plausibly give rise to an entitlement to relief." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  A complaint also fails to state a claim if "relief is barred by the applicable statute of limitations."   *Jones v. Bock*, 549 U.S. 199, 215 (2007).   Pro se complaints should be construed liberally but still must comply with the procedural rules.  *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## III.

Section 1983 provides a federal cause of action for constitutional violations by *state* officials, and *Bivens* does the same but for *federal* officials.  *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).  For both, the statute of limitations begins to run when

---

[3] Foster also alleges fraud and violations of his Ninth, Eighth, and Fourteenth Amendments for the first time on appeal.  We disregard these claims as they are not properly before this Court. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994).

the "cause of action accrues." *Kelly v. Serna*, 87 F.3d 1235, 1238–39 (11th Cir. 1996). This is when the "facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (quotation omitted). State law governs the length of the statute of limitations for both § 1983 and *Bivens* claims. *Kelly*, 87 F.3d at 1238.

Foster brings claims under § 1983 and *Bivens* against Defendants, some of whom are state officials and some of whom are federal officials. Foster does not clarify exactly which of his claims apply to which Defendants or which Defendants are state versus federal officials, and the district court did not make this distinction either. But because § 1983 applies only to state officials, and *Bivens* applies only to federal officials, we construe Foster's § 1983 claims as applying to the state Defendants (whoever they may be) and his *Bivens* claims as applying to the federal Defendants (whoever they may be). This distinction, while helpful to note, does not ultimately make a difference in the application.

We start first with Foster's *Bivens* claims. It is worth noting that *Bivens* is not an expansive doctrine. The Supreme Court itself has recognized the "notable change in the Court's approach" to *Bivens*, so much so that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quotation omitted). *Bivens* has only been applied in three specific contexts: a Fourth Amendment search-and-seizure case, a Fifth Amendment discrimination case, and an Eighth Amendment

cruel-and-unusual-punishment case. *Id.* at 130–31. And the Supreme Court has consistently rejected its application to First Amendment cases. *See, e.g.*, *Bush v. Lucas*, 462 U.S. 367, 390 (1983); *Ashcroft*, 556 U.S. at 675; *Reichle v. Howards*, 566 U.S. 658, 663–64 n.4 (2012).

But we need not decide whether *Bivens* could offer a viable claim here because even assuming that it does, Foster's *Bivens* claims fail. To start, Foster's false arrest, illegal search, and unlawful imprisonment claims were properly dismissed as untimely. The applicable statute of limitations period under Alabama law is two years. Ala. Code § 6-2-38(*l*). Alabama allows statutory tolling for individuals suffering from certain disabilities, underrepresented estates, individuals absent from the state, actions involving nonmerchant mutual accounts, actions stayed by injunction or statutory prohibition, granting of letters testamentary or administration, and contracts during war. *Id.* §§ 6-2-8 to -14. In addition to statutory tolling, equitable tolling may be available in rare circumstances when a plaintiff shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted). Extraordinary circumstances exist where there is some affirmative misconduct, like deliberate concealment, fraud, or misinformation. *Jackson v. Astrue*, 506 F.3d 1349, 1355 (11th Cir. 2007).

Foster argues that his false arrest, illegal search, and unlawful imprisonment claims were not untimely because the statute of limitations should have been tolled until October 2020, when he discovered the lack of a warrant. But the failure to discover this information does not fall under any of Alabama's statutory tolling provisions. Nor does it constitute an "extraordinary circumstance" justifying equitable tolling because there is no evidence of affirmative misconduct by the circuit clerk; all Foster alleges is a failure to respond to his requests for a copy of the warrant.

By the time he was sentenced in November 2017, Foster was aware of the facts sufficient for his claims. The allegedly illegal searches and arrest occurred in February 2013, and he was sentenced in November 2017. Even if he did not know with certainty until October 2020 that there was no warrant, Foster clearly suspected as much based on his continuous requests for a copy of the warrant and thus should have known by November 2017. By waiting until February 2022 to file his initial complaint, Foster failed to meet the two-year statute of limitations period. His claims are thus untimely.

Foster's First Amendment and conspiracy claims were also properly dismissed. For one, we are skeptical that *Bivens* applies to First Amendment claims given the Supreme Court's treatment of that topic. *See, e.g.*, *Bush*, 462 U.S. at 390; *Ashcroft*, 556 U.S. at 675; *Reichle*, 556 U.S. at 663–64 n.4. But even assuming it does, Foster fails to sufficiently plead a First Amendment violation because he

does not identify any precedent establishing that an officer preventing an arrestee's media access violates the First Amendment; indeed, the Supreme Court has recognized the opposite. *See Pell v. Procunier*, 417 U.S. 817, 823 (1974). Furthermore, Foster's conspiracy claim fails because his complaint broadly asserts only conclusory allegations of a conspiracy and lacks specific factual allegations. *See McCullough*, 907 F.3d at 1333.

For the same reasons that Foster's *Bivens* claims against the federal Defendants fail, his § 1983 claims against the state Defendants fail. The same statute of limitations applies, and thus Foster's false arrest, illegal search, and unlawful imprisonment claims were untimely. *See Kelly*, 87 F.3d at 1238. Additionally, Foster's First Amendment and conspiracy claims fail because, as discussed, he fails to plead sufficient facts to support them.

★        ★        ★

The district court properly dismissed Foster's claims for failure to state a claim. Foster's claims alleging illegal searches, false arrest, and unlawful imprisonment are untimely, and he failed to allege sufficient facts to support his First Amendment and conspiracy claims. We thus AFFIRM the district court's dismissal.

**AFFIRMED.**